## ELIJAH PHELPS, PLAINTIFF IN ERROR, *v.* JACOB MAYER.

In order to make a bill of exceptions valid, it must appear by the transcript not only that the instructions were given or refused at the trial, but also that the party who complains of them, excepted to them while the jury were at the bar.

The bill of exceptions need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear by the certificate of the judge who authenticates it, to have been so taken.

Hence, when the verdict was rendered on the 13th December, and on the next day the plaintiff came into court and filed his exception, it is not properly before this court. And no error being assigned or appearing in the other proceedings, the judgment of the Circuit Court must be affirmed, with costs.

*Mr. Justice Curtis* did not sit in this cause, having been of counsel for the patentee.

THIS case was brought up by writ of error from the Circuit Court of the United States for the District of Indiana.

It is not necessary to state either the facts or arguments of the case, inasmuch as it went off upon a point of practice.

It was argued by *Mr. Ewing*, for the plaintiff in error, and *Mr. Jernegan*, for the defendant in error.

*Mr. Jernegan* thus noticed the point upon which the case went off.

A preliminary objection arises. It appears from the record that the verdict was rendered on the 13th of December, and the bill of exceptions filed on the 14th. No exceptions were taken on the trial. It is therefore too late now to object to the instructions of the court, or its refusal to give the instructions required. 11 Peters's Rep. 185; 6 Blackford's Rep. 417; Cully *v.* Doe, 11 Adolph. & Ellis, 1008, note.

Mr. Chief Justice TANEY delivered the opinion of the court.

This action was brought by the plaintiff in error against the defendant in the Circuit Court of the United States for the District of Indiana, for the infringement of the plaintiff's rights under a patent granted to him for a new and useful improvement in the application of hydraulic power. The case was submitted to a jury under certain directions from the court, and the verdict and judgment were for the defendant.

This writ of error is brought for the purpose of revising this judgment—and the case has been fully argued upon the charge given by the Circuit Court, and also upon its refusal to give sundry directions to the jury which were requested by the plaintiff.

Phelps *v.* Mayer.

But, although it appears by the certificate of the judge, sent up as part of the record, that these instructions were given and refused at the trial, yet it also appears that no exception was taken to them while the jury remained at the bar. The verdict was rendered on the 13th of December, and the next day the plaintiff came into court and filed his exception. There is nothing in the certificate from which it can be inferred that this exception was reserved pending the trial and before the jury retired.

The defendant in error now objects that this exception was too late, and is not therefore before this court, upon the writ of error. We think this objection cannot be overcome.

It has been repeatedly decided, by this court, that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The Statute of Westminster 2d, which provides for the proceeding by exception requires, in explicit terms, that this should be done; and if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken.

Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For if it is brought to the attention of the court that one of the parties excepts to his opinion he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it, by further testimony, if apprised of it in time.

This subject was fully considered in the case of Sheppard *v.* Wilson, 6 How. 275, where the cases previously decided in this court, affirming the rule above stated, are referred to.

There being, therefore, no exception before the court, and no error being assigned or appearing in the other proceedings, the judgment of the Circuit Court must be affirmed, with costs.

## Order.

This cause came on to be heard on the transcript of the record from the Circuit Court of the United States for the District of Indiana, and was argued by counsel. On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said Circuit Court in this cause be, and the same is hereby, affirmed, with costs.