JOHNSON v. GARBER et al.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1896.)

No. 372.

PRACTICE—TIME FOR TAKING EXCEPTIONS.

Exceptions to the rulings of a court in the progress of a trial cannot be considered by an appellate court, upon writ of error, if the same were not taken at the trial, and before the verdict was rendered, though the omission to do so was in conformity to a practice prevailing in the trial court, but not embodied in a rule, by which exceptions were permitted to be taken after the close of the trial, and included in the bill of exceptions as if taken at the proper time.

In Error to the Circuit Court of the United States for the Western Division of the Western District of Tennessee.

This is a writ of error to a judgment of the circuit court of the Western division of the Western district of Tennessee in a suit brought to recover upon an attachment bond for the malicious prosecution of an attachment suit against the property of the plaintiff, Edwin L. Johnson. After the hearing of the evidence, upon direction of the court, the jury returned a verdict for nominal damages in the sum of one dollar, upon which the court entered judgment. The only errors assigned are to the charge of the court, and they are based on exceptions the manner of taking which is recited in the bill of exceptions allowed by the trial judge as follows:

"No specific objections were made, at the time of the giving of the charge, by the plaintiff, but the judge who tried this cause now states in respect to this matter that it has always been the invariable practice of the court, well known, and acted upon by counsel, though no formal rule to this effect has been adopted by the court, not to require such specific objections to be so taken; but counsel on either side is understood always to have taken the objection to any instruction, or any part of the charge, so that, in subsequently making up the bill of exceptions, he may take any objection as if the rule of taking it at the time had been fully complied with. There was no request on either side for any departure from this practice, and this bill of exceptions is accordingly allowed under the practice here mentioned. The plaintiff's counsel acted upon the expectation, no doubt, of being allowed this privilege. There was no agreement to this practice by counsel for defendant in this case. Nothing was said about it on either side. The defendants object, and except to the above action of the court for the reason that the court has never adopted any rule such as is stated to be the practice; and, further, for the reason that no rule of the court or practice of the court authorizes the signing of a bill of exceptions at a term subsequent to the term at which the matters excepted to occurred, especially when there was no agreement between the parties to that effect, and there was no such agreement here. But the court overruled the objection, and the defendants objected, and here note their exception. Plaintiff's counsel, who tried this case, now state that they did not, at the time, formally present exceptions to the charge, as they understood such course was unnecessary and improper, under the practice of the court. The defendants object, and except to the foregoing statement, because neither they nor their counsel agreed to such practice; further, because it is the mere voluntary statement of counsel for plaintiff, made many months after the trial of the cause, and after the judgment had been rendered, and therefore not proper matter for a bill of exceptions; further, because counsel were bound to know there was no rule of this court making it the practice of the court, and therefore they were bound to follow the regular practice, and should have excepted at the time. The court overruled the objections, and defendants excepted, and now note their said exception. The plaintiff, in the manner before stated, excepted to the following portions of the charge delivered to the jury: [Then are set out the exceptions, which it is not necessary to state, in view of the decision of the court.]"

Frazer & Heath, for plaintiff in error.

Wm. M. Randolph, George Randolph and Edward Randolph, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. The exceptions to the charge set forth in the bill of exceptions cannot be considered by this court upon a writ of error, because they were not taken at the trial and before the verdict was rendered. The rule is peremptory, and without variation, that a court of error cannot consider an exception which was

not tendered at the time of the ruling of the trial court complained of. This has been the uniform construction of the statute of Westminster II. (13 Edw. I. c. 31; 2 Inst. 427), whence came the modern practice in respect to bills of exceptions, and has always been understood to be the rule of law prevailing in appellate proceedings under the common law (Tidd, Prac. *863). In Wright v. Sharp, 1 Salk. 288, a corporation book was offered in evidence at the assizes to prove a member of the corporation not in possession, and refused. No bill of exceptions was then tendered, nor were the exceptions reduced to writing. So the trial proceeded, and a verdict was given for the plaintiff. Next term the court was moved for a bill of exceptions, and it was stirred and debated in court. Chief Justice Holt, in ruling on the question, said:

"The statute, indeed, appoints no time; but the nature and reason of the thing requires the exception should be reduced to writing, when taken and disallowed, like a special verdict, or a demurrer to evidence. Not that they need be drawn up in form; but the substance must be reduced to writing while the thing is transacting, because it is to become a record. So the motion is denied."

The same view has been taken by the supreme court since its earliest decisions. In Walton v. U. S., 9 Wheat. 651–657, Mr. Justice Duvall said:

"It is a settled principle that no bill of exceptions is valid which is not for matter excepted to at the trial. We do not mean to say that it is necessary (and, in point of practice, we know it to be otherwise) that the bill of exceptions should be formally drawn and signed, before the trial is at an end. It will be sufficient if the exceptions be taken at the trial, and noted by the court, with the requisite certainty; and it may afterwards, during the term, according to the rules of the court, be reduced to form and signed by the judge; and so, in fact, is the general practice."

See Ex parte Bradstreet, 4 Pet. 102–107; Brown v. Clarke, 4 How. 4–15; Sheppard v. Wilson, 6 How. 260–275.

In Phelps v. Mayer, 15 How. 160, it was sought, upon a writ of error, to raise the question of the correctness of the action of the court below in delivering certain instructions to the jury, and in refusing to deliver others. No exception was taken to the action of the trial court while the jury remained at the bar. The day after the verdict was rendered, the losing party came in and filed his exceptions. There was nothing in the certificate from which it could be observed that the exception was reserved during the pending of the trial. The supreme court held that the exceptions were not before them for review. Mr. Justice Taney, delivering the opinion of the court, said:

"It has been repeatedly decided by this court that it must appear, by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The statute of Westminster II., which provides for the proceeding by exception, requires, in explicit terms, that this should be done; and, if it is not done, the charge of the court or its refusal to charge as requested forms no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form, and signed, before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken. Nor

is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice. For if it is brought to the attention of the court that one of the parties excepts to his opinion, he has an opportunity of reconsidering or explaining it more fully to the jury. And if the exception is to evidence, the opposite party might be able to remove it by further testimony, if apprised of it in time."

In Turner v. Yates, 16 How. 14–29, Mr. Justice Curtis, speaking for the supreme court, said:

"The record must show that the exception was taken at that stage of the trial when its cause arose. The time and manner of placing the evidence of the exception formally on the record are matters belonging to the practice of the court in which the trial is held. The convenient dispatch of business, in most cases, does not allow the preparation and signature of bills of exception during the progress of the trial."

In U. S. v. Breitling, 20 How. 252, Mr. Chief Justice Taney said:

"The attention of this court has, upon several occasions, been called to this subject, and the rule established by its decisions will be found to be this: The exception must show that it was taken and reserved by the party at the trial, but it may be drawn out in form, and sealed by the judge, afterwards."

See, also, Dredge v. Forsyth, 2 Black, 563–568; Kellogg v. Forsyth, Id. 571–573; Simpson v. Dall, 3 Wall. 460–473.

In Stanton v. Embrey, 93 U. S. 548–555, Mr. Justice Clifford said:

"Unless the exceptions to the rulings of the court in the progress of the trial, or to the instructions of the court given to the jury, are signed by the judge, or sealed with his seal, it is not a bill of exceptions, within the meaning of the statute authorizing such proceeding, nor does it become a part of the record. Instead of that, the established rule is that the exception must show that it was taken and reserved by the party at the trial; but it may be drawn out in form, and signed or sealed by the judge, at a later period."

See, also, Hunnicutt v. Peyton, 102 U. S. 333–358.

In U. S. v. Carey, 110 U. S. 51, 52, 3 Sup. Ct. 424, Mr. Chief Justice Waite used this language:

"The rule is well established and of long standing that an exception, to be of any avail, must be taken at the trial. It may be reduced to form, and signed, afterwards; but the fact that it was seasonably taken must appear affirmatively in the record, by a bill of exceptions duly allowed or otherwise. * * * This, clearly, is not such a case. There is nothing whatever to indicate that any exception was taken to the rejection of the evidence complained of until the next term, after the trial was over, and the judgment rendered, though not signed. * * * The language here implies an exception only at the time of tendering the bill of exceptions to be signed, which was not only long after the trial, but at a subsequent term of the court. It follows that the errors assigned are not such as we can consider."

See, also, Bank v. Eldred, 143 U. S. 293–298, 12 Sup. Ct. 450; Thiede v. Utah Territory, 159 U. S. 510–522, 16 Sup. Ct. 62.

The same conclusion must be reached in the case at bar. It is expressly stated that, not only was no exception taken, but no objection was made to the charge by the court at the time it was delivered. The trial judge states it to be the invariable practice of the court below, well known and acted upon by counsel, though no formal rule to this effect has been adopted by the court, not to require such specific objections to be so taken, but counsel on either side is understood always to have taken the objection to any instruction,

or any part of the charge, so that, in subsequently making up the bill of exceptions, he may take any objection as if the rule of taking it at the time had been fully complied with. In view of the proper practice defined in the decisions already referred to, the practice of the court below was improper; and the fact that such practice obtained cannot give this court power to consider an exception which was not reserved at the only time when, under the law, it could have been reserved, namely, at the trial, and while the jury were at the bar. It does not appear that the defendant's counsel made any agreement by which the exceptions reserved at the time of tendering the bill of exceptions should be considered as having been made at the time of the trial. If such an agreement had been made, it might possibly have been the duty of the court below to enforce it by making the bill of exceptions show that the exceptions were reserved at the time of the trial, on the ground that any other bill of exceptions would be a fraud upon the party misled by such agreement. Whether this be true or not, there was no such agreement here, and the defendant could not be bound by the practice, which was improper, and which it was beyond the power of the court to adopt.

The judgment of the court below is affirmed.