WESTERN UNION TEL. CO. v. BAKER.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1898.)

No. 391.

APPEAL AND ERROR—EXCEPTIONS TO INSTRUCTIONS—TIME FOR TAKING.
 Exceptions to instructions taken after the jury had retired will not be considered, though it is shown by the record that by the practice and rulings of the trial court such exceptions were not allowed to be taken in the presence of the jury.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

George H. Fearons, L. D. McCutcheon, and R. B. Carpenter, for plaintiff in error.

Harold Preston, E. M. Carr, and L. C. Gilman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The assignments of error in this case are confined to the rulings of the circuit court in giving and refusing instructions to the jury. The defendant in error raises the question of the power of this court to consider the alleged errors, upon the ground that it appears from the record that no exception was taken by the plaintiff in error to the instructions so given and refused until after the jury had retired to consider their verdict. It was held by this court in the case of Bank v. McGraw, 22 C. C. A. 622, 76 Fed. 930, that exceptions taken to the instructions given or refused to the jury could not be entertained upon a writ of error unless they were taken while the jury were at the bar and before they retired to deliberate upon their verdict. That position is sustained, we believe, by every court to which the question has been presented. Railway Co. v. Spencer, 18 C. C. A. 114, 71 Fed. 93; Stone v. U. S., 12 C. C. A. 451, 64 Fed. 667; Van Etten v. Town of Westport, 60 Fed. 579, 585; Bracken v. Railway Co., 5 C. C. A. 548, 56 Fed. 447, 450; Sutherland v. Round, 6 C. C. A. 428, 57 Fed. 467, 470; Johnson v. Garber, 19 C. C. A. 556, 73 Fed. 523; Phelps v. Mayer, 15 How. 160; Turner v. Yates, 16 How. 14, 29; Stanton v. Embrey, 93 U. S. 548, 555.

It is stated in the record that all the exceptions "were taken in writing after the jury had retired to deliberate upon their verdict, and before the rendition of their verdict, for the reason that this court refused in all cases to allow exceptions to be taken in the presence of the jury, and would not have allowed exceptions to be taken in this case had it been asked, but no request was made by either party to take such exceptions before the jury retired." In Johnson v. Garber, supra, it appeared that a similar practice was followed in the circuit court for the Western division of Tennessee. It is thus referred to in the opinion in that case:

"The trial judge states it to be the invariable practice of the court below—well known and acted upon by counsel, though no formal rule to this effect has been adopted by the court—not to require such specific objections to be so taken, but counsel on either side is understood always to have taken the objection to any instruction, or any part of the charge. so that, in subsequently making up the bill of exceptions, he may take any objection as if the rule of taking it at the time had been fully complied with."

The court proceeded to say:

"In view of the proper practice, defined in the decisions already referred to, the practice of the court below was improper; and the fact that such practice obtained cannot give this court power to consider an exception which was not reserved at the only time when, under the law, it could have been reserved, namely, at the trial, and while the jury were at the bar."

We think the language of the opinion in that case is applicable to this. The judgment of the court below must be affirmed.