STAR CO. v. MADDEN.

(Circuit Court of Appeals, Second Circuit.   June 6, 1911.)

No. 287.

1. APPEAL AND ERROR (§ 501*)—RECORD—RESERVATION IN LOWER COURT OF
   GROUNDS OF REVIEW—EXCEPTIONS TO INSTRUCTIONS.
   Under the established rule of the federal courts, assignments of error
   to the giving or refusal of instructions cannot be considered on a writ of
   error by an appellate court, unless it appears by the transcript that ex-
   ceptions were reserved while the jury were at the bar.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–
   2305; Dec. Dig. § 501.*]

2. APPEAL AND ERROR (§ 501*)—RESERVATION IN LOWER COURT OF GROUNDS
   OF REVIEW—EXCEPTIONS TO REFUSAL TO CHARGE.
   Where the bill of exceptions in a cause showed requests to charge
   made by defendant, but they were not marked to show what action was
   taken thereon, although a comparison with the charge showed that cer-
   tain of them were not given, nor covered thereby, a statement reciting
   that after the jury retired the judge stated that he understood that de-
   fendants' counsel were entitled to "every exception which belongs to
   them by reason of requests handed up to the court in advance and either
   refused or modified" was not sufficient to make it appear that exceptions
   were taken by defendant before the jury retired to the failure to charge
   such requests.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2300–
   2305; Dec. Dig. § 501.*]

3. APPEAL AND ERROR (§§ 260, 263*)—RESERVATION IN LOWER COURT OF
   GROUNDS OF REVIEW—EXCEPTIONS.
   An assignment of error to the overruling of a motion to strike out, or
   to instruct the jury to disregard, testimony cannot be considered by the
   appellate court, unless based on an exception taken at the time.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1503–
   1532; Dec. Dig. §§ 260, 263.*]

4. LIBEL AND SLANDER (§ 107*)—DAMAGES—EVIDENCE.
   In an action for libel, it is not error to permit the plaintiff to testify
   as to his feelings on reading the libelous article; his mental suffering
   being an element of the damages recoverable.
   [Ed. Note.—For other cases, see Libel and Slander, Dec. Dig. § 107.*]

In Error to the Circuit Court of the United States for the Southern
District of New York.

Action at law by Edwin C. Madden against the Star Company. Judg-
ment for plaintiff, and defendant brings error.   Affirmed.

This cause comes here upon writ of error to review a judgment of the Cir-
cuit Court in favor of defendant in error, who was plaintiff below.   The ac-
tion was for libel, and the judgment was entered upon verdict of the jury.
The appeal has been twice argued.   At the conclusion of the first argument,
question having arisen as to the reserving of certain alleged exceptions, and
a certificate of the trial judge being presented, the court, upon motion of plain-
tiff in error directed that "the record should be sent back to the Circuit Court,
in order that the trial judge may, if the facts warrant such action, amend the
bill of exceptions by inserting therein any exceptions to refusal to charge de-
fendant's requests, which exceptions were actually taken and allowed during
the trial and while the jury were at the bar."   This was done, but no amend-
ment was allowed by the Circuit Court.   The bill of exceptions remains as

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was when the cause was first brought to this court. Thereupon the cause was reargued upon several assignments of error which had not been discussed on the first argument.

Clarence J. Shearn, for plaintiff in error.

James D. Fessenden, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). [1] The first group of assignments of error which may be considered are those which deal with defendant's requests to instruct the jury in certain particulars. These assignments are numbered 1, 2, 7, 8, and 9, and are correct in form; but they cannot be considered, unless the record discloses the fact that exceptions to the court's refusal to charge such requests were properly reserved. What must be done to reserve an exception to instructions given or refused at the trial is prescribed by the Supreme Court in Phelps v. Mayer, 15 How, 161, 14 L. Ed. 643, in the following language:

"It has been repeatedly decided by this court that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The statute of Westminster II, which provides for the proceeding by exception, requires, in explicit terms, that this should be done; and, if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken. Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice."

It is difficult to conceive of language more specific and positive than this. It sets forth the rule of practice for all federal courts, has been announced and reannounced many times, and has been repeatedly applied in this circuit. Park Bros. v. Bushnell, 60 Fed. 583, 9 C. C. A. 140; Commercial Travelers' Accident Co. v. Fulton, 79 Fed. 423, 24 C. C. A. 654; Berwind-White Coal Co. v. Firment, 170 Fed. 151, 95 C. C. A. 1; Mann v. Dempster, 179 Fed. 837, 103 C. C. A. 325. See, also, opinion of Circuit Court of Appeals, Ninth Circuit, in Western Union Tel. Co. v. Baker, 85 Fed. 690, 29 C. C. A. 392, and cases there cited.

[2] Before these five assignments of error can be considered, therefore, it must appear by the certificate of the trial judge that the five exceptions to refusals to charge were reserved while the jury were at the bar. The only authentication of the trial judge is to the bill of exceptions. Referring to that document, there is found, after the testimony was closed, a document entitled "Defendant's Requests to Charge," consisting of 16 separate propositions, separately numbered. There is nothing on the face of this document to indicate which requests were charged and which were refused. It is quite common for the trial judge to note on the margin of each request what disposition he makes of it, but it is not essential that he should do so. Such annotation is useful, because it enables the appellate court to ascertain quickly what was done with the requests, without having to collate

them with the charge and by a careful comparison determine how much was refused. Such an examination shows that some of the 16 requests were substantially charged in different language, but none of the 5 covered by the assignments of error were charged, nor did the court give any specific instructions one way or the other touching the subject-matter of these 5 requests.

Near the conclusion of his charge the trial judge stated that in preparing it he had carefully read and attempted, as well as he could, to digest and understand the requests for charges made by both sides. He then added:

"I am not conscious that I have failed to take up any substantial branch of the discussion which it is my duty to refer to. If counsel will call my attention to an omission to discuss any particular specific subject, I shall be very glad to do it now. So far as a general criticism of my charge is concerned, I would prefer that the jury should retire and enter upon a consideration of the evidence, and I will be willing to take the responsibility for permitting you to enter upon the record your general criticisms of my charge after they have gone. If I have omitted a subject which you think I should charge, I will be very glad to consider it."

Thereupon counsel for defendant, who was not the counsel who has argued this appeal, said:

"May I ask your honor to charge something that is not contained in our requests. It was overlooked."

The court acceded, and the new request was stated and substantially charged. Defendant's counsel thereupon asked the court to charge that in libel suits the defendant was not allowed to prove facts, unless alleged in the answer. This also was charged, whereupon counsel stated: "I have not anything further." Counsel for plaintiff thereupon called attention to his seventh request, asking the court if it had not been overlooked. Thereupon this request, with a modification suggested by defendant's counsel was charged. The record concludes as follows:

"The jury then retired.
"The Court: I understand that the counsel for the defendant, from remarks made during the delivery of the charge, are entitled to every exception which belongs to them by reason of requests handed up to the court in advance and either refused in whole or modified in some respects."

Is this a certification by the trial judge that exceptions to these five refusals to charge were taken while the jury was at the bar? We think not. It merely states that the court understands that counsel for defendant are entitled to every exception which belongs to them, but in no way indicates what exceptions "belong to them." For those reference must be had to the record, and the record is silent. From what has been quoted supra it appears that what the trial judge undertook to reserve until after the jury had gone were "general criticisms of the charge." If general criticisms meant exceptions, and we can give it no other meaning, this was incorrect practice under Phelps v. Mayer, supra, and no exceptions which might then for the first time have been noted could be considered. A refusal to receive exceptions to the charge while the jury was at the bar would be reversible error, if an exception to such disposition of the case brought it before this

court. Mann v. Dempster, 179 Fed. 837, 103 C. C. A. 325. But no one, at any time before or after the jury left the box, offered any criticism, general or specific, of the charge itself.

Manifestly the trial judge did not undertake to postpone taking action with regard to requests until after the jury had retired. He listened to requests and charged them. He took up and disposed of plaintiff's seventh request, when asked if he had not overlooked it. There is nothing to show that, if at that time defendant's counsel had called attention to the five requests, asking if they also had not been overlooked, the trial judge would not have disposed of them, either by charging or refusing, and to a refusal of any request exception could then have been taken. As to what took place at the trial we can be informed only by the record, and that does not disclose an exception to any refusal to charge as requested. Whatever ambiguity there may have been in the statement of the trial judge, made after the jury had retired and which is quoted supra, has now been removed. Since he did not amend the bill of exceptions in the manner asked for by plaintiff in error, we must assume that the facts did not warrant any such amendment. The assignments of error above enumerated cannot, therefore, be considered.

[3] The next assignment of error relied upon is the fourteenth, which asserts that the court erred in overruling the objection to a certain question, in permitting it to be answered, and in refusing to instruct the jury to disregard it. The plaintiff was asked by his counsel whether prior to the publication he, as Third Assistant Postmaster General, had taken any action which interfered with the use of the mails by defendant. Before objection was interposed the witness answered in the affirmative. Discussion ensued, and plaintiff's counsel stated the testimony was offered on the question of actual malice, personal malice; but, upon being pressed by the court, he admitted that he could not connect this evidence, whereupon the court told him he had better stop. Defendant's counsel thereupon asked the court to instruct the jury to disregard the witness' answer, to which the court replied that he did not think it necessary to do that, for the expressed reason that he thought the jury understood there was no connection in fact. From the discussion as it is set forth in the record, we also think that the jury understood the answer was of no importance, and apparently defendant's trial counsel was of the same opinion, since he reserved no exception to the refusal of his request, asked for no further instructions, and made no motion to strike out the answer. This assignment of error is based on no exception, and cannot be considered here.

Other objections to the admission and exclusion of evidence do not call for any extended discussion. The witness William Loeb, Jr., was asked what conversation he heard between Postmaster General Cortelyou and the President relative to plaintiff's removal from office; it being disputed between the parties whether the Postmaster General demanded Madden's resignation because of official reports which the latter had made in a particular case, or because of "revelations of rottenness in his department." The answer of the witness tended to con-

tradict Mr. Cortelyou's statement as to the cause. There is some uncertainty about the dates, but we think there was sufficient to justify the admission of the testimony as part of the res gestæ.

It is contended that the court erred in sustaining an objection to the following question asked during the re-direct examination of the witness George Miller:

"With regard to the general speech of people, what was her [Mrs. Sevilla Miller's] reputation at that time?"

The question presented by this assignment of error is academic, because the same witness elsewhere testified in reference to Mrs. Miller:

"I did not think that my repeating that about her would injure her reputation, because, as I say, rumor and gossip had it that her relations at that time and previous to that time were improper."

[4] Exception was reserved to a question put to plaintiff on his direct examination, as follows: "How did you feel when you read it [meaning the libelous article]?" That is disposed of by our decision in S. S. McClure Co. v. Phillipp, 170 Fed. 910, 96 C. C. A. 86. We find no error in allowing plaintiff to testify that his resignation was not due to any of the things mentioned in the libelous article.

The judgment is affirmed.