### BEATSON COPPER CO. v. PEDRIN.

(Circuit Court of Appeals, Ninth Circuit. October 5, 1914. Rehearing Denied November 17, 1914.)

#### No. 2360.

1. APPEAL AND ERROR (§§ 272, 501*)—REVIEW—GIVING OR REFUSAL OF INSTRUCTIONS—EXCEPTIONS.

   The giving or refusal of instructions cannot be reviewed by an appellate court, unless exceptions thereto were taken in open court while the jury were at the bar, and such fact must be shown by the record.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619, 2300–2305; Dec. Dig. §§ 272, 501.*]

2. MASTER AND SERVANT (§ 270*)—ACTION FOR INJURY TO SERVANT—EVIDENCE.

   In an action for an injury to a mine employé against the employer, evidence to show the rule or custom prevailing in such workings with respect to the inspection of walls after a shot, and the person whose duty it was to attend to the same, *held* competent.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

3. MASTER AND SERVANT (§ 284*)—ACTION FOR INJURY TO SERVANT—QUESTIONS FOR JURY.

   Evidence in an action for injury to a mine employé *held* such as to make it proper to submit the case to the jury.

   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1000–1090, 1092–1132; Dec. Dig. § 284.*]

In Error to the District Court of the United States for the Third Division of the Territory of Alaska; Fred M. Brown, Judge.

----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action at law by John Pedrin against the Beatson Copper Company. Judgment for plaintiff, and defendant brings error. Affirmed.

R. J. Boryer, of Cordova, Alaska, and Myrick & Deering, of San Francisco, Cal., for plaintiff in error.

T. C. West, of San Francisco, Cal., and E. E. Ritchie, of Valdez, Alaska, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

ROSS, Circuit Judge. This action was brought by the defendant in error as plaintiff in the court below to recover damages for personal injuries sustained by him while working in a mine of the Beatson Copper Company through its alleged negligence, which alleged negligence was denied by the company, the plaintiff in error here, in addition to which it set up in its answer the defenses of assumption of risk and contributory negligence on the part of the plaintiff and negligence of his fellow servants. The trial resulted in a verdict for the plaintiff, the case being brought here by writ of error.

[1] The points mainly relied upon in argument by the counsel for the plaintiff in error relate to the giving and refusal to give certain instructions to the jury, which, upon reference to the record, we find we are precluded from considering, for the reason that the action of the court in the respects complained of was not seasonably excepted to; the record showing that the case was submitted to the jury on the 11th of November, 1913, and that the defendant's exceptions were not entered until November 14, 1913—the bill of exceptions reciting:

"It having been stipulated between the attorneys for plaintiff and defendant in the presence of the jury before it had retired, and in the presence of the court, that the plaintiff and defendant have until the 16th day of November, 1913, to make and take exceptions to instructions given and refused."

In the case of Arizona & N. M. Ry. Co. v. Clark, 207 Fed. 817, 125 C. C. A. 305, we said:

"There are various assignments of error in respect to giving and refusal to give certain instructions to the jury, which we are precluded from considering for the reason that exceptions thereto were not seasonably taken. The record shows that, after the jury had been instructed and retired in charge of the bailiffs, certain exceptions were taken by counsel for the respective parties, and the record shows that: 'Before the jury retired to consider of their verdict the court granted permission to the defendant to embody in its bill of exceptions, if it should tender one, its objections to the instructions of the court to the jury more at length and in detail.' That none of such exceptions can be here considered was distinctly decided by this court in the case of Western Union Tel. Co. v. Baker, 85 Fed. 690, 29 C. C. A. 392, and has been so held by many other federal courts. See the numerous cases cited in that last mentioned, and in Star Co. v. Madden, 188 Fed. 910, 110 C. C. A. 652, where is set out the rule laid down by the Supreme Court in Phelps v. Mayer, 15 How. 161, 14 L. Ed. 643, as follows: 'It has been repeatedly decided by this court that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them excepted to them while the jury were at the bar. The statute of Westminster II, which provides for the proceeding by exception, requires, in explicit terms, that this should be done, and, if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not

be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticates it, to have been so taken. Nor is this a mere formal or technical provision. It was introduced and is adhered to for purposes of justice.' "

[2] In the present case the record shows that the plaintiff was an experienced miner and had been working at the place where the accident occurred about two weeks prior to its happening. The place was what is spoken of in the record as a "glory hole," and was from 14 to 15 feet wide, from 10 to 12 feet deep, and about 20 feet long. Working there were two drillers, who, after drilling and loading the holes, fired the shots, and the plaintiff and another mucker, whose duty it was to remove the broken rock and earth—when necessary breaking, or "bulldozing," as the operation is spoken of by witnesses, the larger pieces of rock in order to do so. This shift of four men was in charge of a shift boss named Green. On the trial one Gleason, a witness on behalf of the plaintiff, was asked this question:

"Now, where a shot is fired in the walls of a mine, particularly an open mine or a glory hole, is there any rule about making an inspection of the surrounding walls immediately afterwards?"

To which objection, interposed by the defendant, was overruled by the court, and its ruling also assigned as error; the answer of the witness being:

"The rule is that a man has got to bar down his ground to make it safe, not to have loose ground in the walls after a blast; that is, if a man is going to work under it."

And a like objection, ruling, and assignment were made in respect to this other question to the witness:

"Where work is being done under the direction of a foreman or shift boss, who looks after that? A. Why, the foreman or shift boss, who is in charge."

[3] We see no error in those rulings, nor any error in the ruling of the trial court in denying the motion made on behalf of the defendant upon the conclusion of the plaintiff's evidence, and also upon the conclusion of the entire evidence in the case, for a directed verdict in its favor. The evidence, we think, was such as to make the case a proper one for submission to the jury under appropriate instructions.

The judgment is affirmed.