## NEW YORK LIFE INS. CO. v. SLOCOMB.*

(Circuit Court of Appeals, Ninth Circuit. December 4, 1922.)

No. 3874. '

**1. Appeal and error ⊚⟾272(2)—Timely exceptions essential to review of instructions.**

Where no exceptions were taken to the giving or refusal of instructions before retirement of the jury, though the court called the attention of counsel to the necessity of timely exceptions assignments of error on instructions given or refused will not be considered by the appellate court.

**2. Insurance ⊚⟾598—Interest held recoverable from date of death of insured.**

A life company cannot claim the benefit of a provision of its policy that the insurance should not be payable until proof of death to prevent the recovery of interest from the date of the death of insured, where its defense to the action was that the policy was never in force.

In Error to the District Court of the United States, for the Northern Division of the Western District of Washington; Robert S. Bean, Judge.

Action at law by Marion C. Slocomb against the New York Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Action to recover on a policy of life insurance with double indemnity provisions, issued by the New York Life Insurance Company to Wilson M. Slocomb. Verdict and judgment for the plaintiff, and the company brought writ of error. The facts are:

At the instance of one Van Leuven, agent of the insurance company, plaintiff in error, Wilson M. Slocomb, was examined for life insurance on August 27, 1919, and on that date signed his application therefor. Subsequently a policy, reciting that it was made in consideration of the payment of $237.54, "receipt of which is hereby acknowledged," was issued by the company at its home office and forwarded to its Seattle office, which, in turn, forwarded it to the agent who solicited the insurance, and he delivered the policy to the insured. The policy, which provided that it took effect "as of the 27th day of August, 1919," remained in the possession of the insured until his death, which occurred three months from the date of the application. On the day following his death the agent went to the residence of the deceased and obtained the policy. Demand for its return was refused, and 14 months later this action was commenced.

Fred W. Catlett, of Seattle, Wash., and James H. McIntosh, of New York City, for plaintiff in error.

William Martin and H. A. Martin, both of Seattle, Wash., for defendant in error.

Before GILBERT, and HUNT, Circuit Judges, and RUDKIN, District Judge.

HUNT, Circuit Judge (after stating the facts as above). It was contended by the company that the first premium on the policy was never paid; that the policy was delivered for inspection only; that an inspection receipt was taken from the insured, but that the receipt was subsequently inadvertently burned; and that after the death of the insured the policy was surrendered to the agent of the company for cancellation because of the nonpayment of the first premium. In sup-

---

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Rehearing denied February 19, 1923.

port of its defense the local agent testified to conversations had with Mr. Slocomb before and at the time the policy was delivered to him, saying that the policy was given to deceased for inspection, but that the deceased never paid any premium. Witness said that on the morning following the death of Slocomb he went to the Slocomb house and there talked with the brother of Mrs. Slocomb, and told him that the policy could not be paid; that Mrs. Slocomb's brother went upstairs and came back with the policy, and told the agent that Mrs. Slocomb had directed him to say that it was "her fault that the policy was not in force, as she had opposed her husband every time he wanted to pay for it." The agent also testified that the policy was handed over to him, and that, after some further talk about insurance with the brother, he (the agent) left, but that he went back the following Monday to try to sell Mrs. Slocomb an insurance policy; that he told her it was very hard not to be able to deliver the policy; and that during the interview she reiterated the statement that she had opposed the payment of the premium by her husband.

That testimony was met by the evidence of Mrs. Slocomb, who said that about September, 1919, her husband delivered the policy to her, with directions to take care of it; that she put it away with other documents of his; that the day following his death she directed her brother, who asked her for the policy, to hand it to Mr. Van Leuven, as she trusted him. Mrs. Slocomb also said that she never had made any statement to the effect that she was to blame for the nonpayment of the premium on the policy. The brother of Mrs. Slocomb testified that the agent called the morning after the death of Mr. Slocomb, and, after expressing his sympathy, said that if the brother would get "Bill's" (Mr. Slocomb's) policy he would "see about collecting it"; that witness thereupon asked his sister about delivering the policy, and told her all that Mr. Van Leuven (the agent) had said; that Mrs. Slocomb then approved the delivery, whereupon he got the policy from Mr. Slocomb's private papers, and delivered it to the agent, who took it away. Witness positively denied that he ever told the agent that his sister said she was responsible for nonpayment of the premium, and added that his sister never made any such statement to him.

By motion for a directed verdict in favor of the company the question presented was whether the evidence justified submitting to the jury the issue of a delivery of the policy to Slocomb and of the payment of the first premium by Slocomb in his lifetime. Upon both points the record shows there was ample evidence to submit to the jury, and the court therefore properly denied the motion.

[1] The company complains that the court erred in the giving of certain instructions to the jury and in refusing to give certain instructions requested, but as no exceptions of any kind were taken with relation to the charge or to the refusal to charge before the jury retired, and though the court advised counsel that it did not know that the exceptions interposed after the jury retired would be of any service to their client, and called attention to the necessity for excepting to the charge before the jury retired, counsel took no steps to comply with the suggestions of the court. Under the circumstances the as-

signments with respect to the giving and refusing to give instructions are not for consideration here. Alversen v. O.-W. R. & N. Co., 236 Fed. 331, 149 C. C. A. 463; Miller & Lux, Inc., v. Petrocelli, 236 Fed. 846, 150 C. C. A. 108; Central R. Co. v. Sharkey, 259 Fed. 144, 170 C. C. A. 212.

Error is assigned upon the refusal of the court to admit in evidence a letter sent by Van Leuven with the Slocomb policy to the Seattle branch of his company. As the substance of the contents of the letter was what Van Leuven testified to at the trial, no possible prejudice could have resulted by excluding the letter.

Reversal is asked because the court permitted a witness in rebuttal to answer a question put to him for the purpose of impeaching the testimony of the local agent. It appears that on direct examination the local agent testified that when he left the policy with Mr. Slocomb he took an inspection receipt from Slocomb, and that that receipt, together with other papers, was burned by the carelessness of a janitor as the witness was preparing to move. On cross-examination witness was asked concerning a conversation at Wenatchee with one Rohan about the policy in question, and stated that he told Rohan that he took a receipt for the policy of Slocomb, but that he did not tell Rohan that he sent the receipt to the Seattle office. Rohan, in rebuttal, was asked whether or not, in the conversation had with Van Leuven, he did not tell him that he took a receipt from Slocomb, an "inspection receipt" signed by Slocomb, and that he sent the receipt to the office in Seattle. Witness said Van Leuven made that statement to him. There was no error in admitting the testimony of Rohan, for it directly contradicted the statement of the local agent to the effect that the alleged inspection receipt had been burned in his office, and thus was competent as bearing upon the credibility of the statements of Van Leuven.

[2] In the judgment rendered interest was allowed at the rate of 6 per cent. per annum from the date of the death of the deceased until the date of the verdict. Plaintiff in error takes the position that as the policy, under the double indemnity provision, provides that the company will pay double the face of the policy upon receipt of due proof that the death of the insured resulted, directly and independently of all other causes, from bodily injury effected solely through accidental cause, and that as such death occurred within 60 days after sustaining such injury, and due proofs were not furnished until about the 12th of April, 1921, interest can only be collected from the last-mentioned date. But the company having denied that the policy ever was in force, and, its liability having been established, it cannot now claim the benefit of the provision in the policy with respect to notice and due proofs of death by accident. Life Ins. Co. v. Pendleton, 112 U. S. 696, 5 Sup. Ct. 314, 28 L. Ed. 866; Hartford Fire Ins. Co. v. Landfare, 63 Neb. 559, 88 N. W. 779; Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. St. 346, 22 Atl. 665, 27 Am. St. Rep. 703. Interest was therefore properly allowed.

After careful examination of the record we find no error against the plaintiff company, and affirm the judgment.

Affirmed.