## BERWIND-WHITE COAL MINING CO. v. FIRMENT.

(Circuit Court of Appeals, Second Circuit. April 13, 1909.)

### No. 210.

1. APPEAL AND ERROR (§ 272*) — EXCEPTIONS—TIME FOR TAKING — EXCEPTIONS TO INSTRUCTIONS.

Exceptions to the charge of the court not taken until after the jury has retired will not be considered by the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1611–1619; Dec. Dig. § 272;* Trial, Cent. Dig. §§ 251, 680.]

2. WITNESSES (§ 246*)—CONDUCT OF JUDGE—EXAMINATION OF WITNESSES.

While a trial judge may in the exercise of a sound discretion take part in the examination of witnesses, yet where the parties are represented by competent counsel it is usually the better practice to allow them to conduct the examinations.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 852–857; Dec. Dig. § 246.*]

3. MASTER AND SERVANT (§ 286*)—MASTER'S LIABILITY FOR INJURY TO SERVANT —ACTIONS—QUESTIONS FOR JURY.

Where there was evidence that an employé suing for a personal injury resulting from the bursting of a steam pipe, and also his employer, the defendant, knew of a defect in the pipe two weeks before the accident, although contradicted, the question of defendant's negligence in failing to have the pipe repaired was properly submitted to the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1031; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 162 Fed. 758.

This is a writ of error to review a judgment of the Circuit Court, Southern District of New York, entered on a verdict against plaintiff in error, who was defendant below. The action was brought by the plaintiff to recover damages for personal injuries resulting from the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

blowing out of a steam pipe in a boiler room on defendant's premises on Sunday, December 3, 1905.

Theall & Beam (Austin G. Fox, of counsel), for plaintiff in error.

Ira B. Wheeler, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. The plaintiff testified that he had been in the habit of working in and about the boiler room where the explosion occurred, and that about two weeks before the accident he had assisted in making certain repairs and in putting flanges on one of the lengths of steam pipe. That at the time he noticed that there was a crack in one of the flanges extending from the outer rim down to the pipe, and that the pipe was rusty and the thread worn on both ends. That steam being then turned on through this length of pipe, it leaked a little from the flange and more from the pipe, whereupon he called attention to that fact, and they calked the leak by putting gasket between the flanges, winding the pipe with brass wire, and bracing it up with a wooden brace. That on December 3d while engaged in oiling a fan outside of the boiler room, one Johnson, a machinist who was at work inside, called him to come in and help fix pipe on one of the boilers; he did so, and while at work there the blow-out or explosion occurred, he fell down, and a section of pipe was thrown against his legs, inflicting severe injuries. That he looked up and saw that the pipe had blown out from the flange, and that the flange was cracked as it was when he saw it two weeks before. A competent expert whom he called testified that a cracked flange was an element of weakness, because it would not grip the thread as a sound one would, and that under a pressure of 75 pounds—which was not unusual in this plant—it might be expected that at any time there would come a blow-out with such force as to scatter parts of the apparatus in a manner dangerous to any one near by.

Several witnesses, who testified to the occurrences of November 19th, December 3d, and December 1st, contradicted plaintiff's narrative, and there was a sharp conflict of evidence on several essential points. But the court would not have been warranted in taking the case from the jury merely because defendant's narrative of what took place did not accord with plaintiff's, and upon this appeal, with a verdict in his favor, we must assume that the jury reached the conclusion that his narrative was the correct one. Believing it to be correct, they would be justified in finding defendant negligent in failing for two weeks to substitute a sound flange for a cracked one. Defendant's motion for a direction of verdict in its favor cannot be sustained on any theory that there was not enough evidence of its negligence to send the case to the jury.

Direction of a verdict was further asked for on the ground that there was no evidence that Johnson (the machinist) had authority to give any orders to the plaintiff, or to order him to work in assisting him (Johnson) in the boiler house on the Sunday when the plaintiff was hurt. We do not find error in the refusal to direct a verdict on that ground, because there was evidence tending to show that the

plaintiff was actually employed by the company on that Sunday; that he worked, with the knowledge of the company, sometimes inside, and sometimes outside, of the boiler house. The request of the machinist, even if he were not a foreman or superintendent, for the witness to help him with one of the pipes, was one which the plaintiff might fairly accept as coming within the sphere of his general duties.

The complaint charged that one of the "pipes" connected with furnaces and boilers and filled with hot steam under high pressure was "insecure, defective," etc. Upon objection being made, when plaintiff offered evidence about the flange, the court allowed the complaint to be amended by adding the words "including the flanges." The amendment was not necessary; the complaint used the word "pipe" as generally descriptive of a conduit for steam, and the word fairly included the flanges which connected sections of pipe. If defendant wished more specific information it could have asked, in advance of the trial, for a bill of particulars, which it failed to do.

Defendant contends that plaintiff was allowed to recover on a cause of action not pleaded, to wit, the failure to comply with a promise to repair a dangerous defect. Plaintiff testified that, when he detected the cracked flange on November 19th, the superintendent was sent for, came, and said: "Fix it as best you can; a new pipe will come very soon." The plaintiff's own testimony, however, showed very plainly that this statement (assuming that it was made) had no effect on his mind nor induced him to assume any risk, because he—an unintelligent man without a machinist's experience—associated a cracked flange merely with a waste of steam through the leak, with no idea that the conditions which permitted such a leak were in any way dangerous.

Defendant assigns as error many statements in the charge and in refusals to charge, all covered by exceptions. It appears from the record that all these exceptions were reserved after the jury had withdrawn in custody of the bailiff. It is certainly surprising that in view of the opinions of this court in Park Brothers v. Bushnell, 60 Fed. 583, 9 C. C. A. 140, and Commercial Travelers' Accident Co. v. Fulton, 79 Fed. 423, 24 C. C. A. 654, such a practice should still be followed in this circuit. In the case at bar defendant itself suggested it. As we pointed out in the case last above cited, if this course had been followed by express direction of the trial judge, defendant could have excepted to a ruling which deprived him of the opportunity to take his exceptions at the proper time and thus reserved his rights, but he did not do so, and these belated exceptions will not be considered.

By proper objection and exception defendant reserved the point, which he now presents, that the cross-examination of defendant's witnesses was carried to such an extent and so conducted as to constitute reversible error. A similar point was argued before this court in N. Y. Transportation Co. v. Garside, 157 Fed. 521, 85 C. C. A. 285, where it was said:

"It must be admitted that a continual interposition by the trial judge in the examination of witnesses may prejudice the jury to the extent claimed; still the trial judge has a right, and indeed it is his duty, to see that the facts of the case are brought intelligibly to the attention of the jury, and to what extent he will intervene for this end is a matter of discretion."

We found no abuse of discretion in that case. In the case at bar the cross-examination by the court was much more extended. and, presumably through some errors either in the stenographic report or in its transcription into the case on appeal, there are passages where it is difficult to tell whether a particular statement is made by a witness in response to the court's questions, or is a summary by the court of what he understood the witness to have already testified to. Nevertheless, on a careful study of the record, we do not feel warranted in reversing on this exception. It may be proper, however, to expand somewhat the statement made in the Garside Case. Cases occasionally present themselves where a plaintiff or defendant is represented by incompetent counsel, and where the ends of justice require the trial judge to secure, so far as he can, a fair and full presentation of the case, so that the party who came into the court, expecting to have a full, fair, and just examination of the facts in controversy, will find his expectation realized. But where a party is represented by competent counsel—as the brief and oral argument demonstrate this plaintiff was—it would seem that the conduct of his side of the case had better be left to his own counsel. It is not unreasonable to assume that such counsel's study of the case and the information he possesses as to the personal equation of the different witnesses called against his client may make him a more competent cross-examiner than the trial judge, who never knew of the issues in the case till the pleadings were opened. Indeed, it might sometimes happen that a well-laid plan to discredit a hostile and unfair witness would be disarranged and rendered futile by premature cross-examination. The safer course would seem to be to allow the examination by counsel—direct, cross, redirect, and recross—to conclude, and then, if anything is obscure, if some point seems to be overlooked, or if, suspecting false swearing, he thinks cross-examination should be further pressed, the trial judge can, and indeed ought, to, intervene so that the ends of justice may be subserved. Where, however. he takes the cross-examination out of the hands of competent counsel, there is danger that the jury, from this fact alone, may draw conclusions unfavorable to the witness and to the party on whose behalf the witness is called.

The judgment is affirmed.