## MANN et al. v. DEMPSTER.

(Circuit Court of Appeals, Second Circuit. April 26, 1910.)

No. 234.

1. APPEAL AND ERROR (§ 272*)—EXCEPTIONS—TAKING—TIME.

Exceptions to the charge, taken after the jury has retired, are improperly reserved, and cannot be considered on a writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1611; Dec. Dig. § 272;* Trial, Cent. Dig. § 680.]

2. TRIAL (§ 317*)—EXCEPTIONS.

An exception to the court's directing the jury to retire before plaintiff in error had an opportunity to take his exceptions to the charge while the jury were at the bar, as required to make the exceptions available, must be sustained.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 751; Dec. Dig. § 317.*]

Noyes, Circuit Judge, dissenting in part.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Samuel Dempster against William D'Alton Mann and another: Judgment for plaintiff, and defendants bring error. Reserved for further hearing.

See, also, 157 Fed. 319.

Albert A. Wray, for plaintiffs in error.

Charles O. Maas, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The action was for libel. At the close of the testimony the trial judge asked if there were any requests to charge. Both sides replied that they had no requests to hand up. Thereupon the court charged the jury quite fully. At the close of the charge defendant's counsel said, "If the court please, I desire to except—" when the court interrupted him, saying, "You will note your exceptions to the charge to the stenographer; it is not necessary for the jury to wait." Thereupon, as the record shows, the jury retired and the judge retired. Defendant's counsel then dictated to the stenographer three exceptions to three different parts of the charge.

The thirty-third assignment of error reads as follows:

"In not allowing the defendant's counsel to note his exceptions in the presence of the court and jury, so that any error committed in the charge could be corrected."

In Phelps v. Mayer, 15 How. 160, 14 L. Ed. 643, the Supreme Court said:

"It has been repeatedly decided by this court that it must appear by the transcript, not only that the instructions were given or refused at the trial, but also that the party who complains of them except to them while the jury were at the bar. The statute of Westminster II, which provides for the proceeding by exception, requires in explicit terms that this should be done; and, if it is not done, the charge of the court, or its refusal to charge as requested, form no part of the record, and cannot be carried before the appellate court by writ of error. It need not be drawn out in form and signed before the jury retire; but it must be taken in open court, and must appear, by the certificate of the judge who authenticated it, to have been so taken."

This court also has repeatedly held that exceptions to the charge taken after the jury has retired are improperly reserved and cannot be considered here. Park Bros. v. Bushnell, 9 C. C. A. 140, 60 Fed. 583; Commercial Travelers' Accident Co. v. Fulton, 79 Fed. 423, 24 C. C. A. 654; Berwind-White Coal Co. v. Firment, 170 Fed. 151, 95 C. C. A. 1. See, also, opinion of Circuit Court of Appeals, Ninth Circuit, in Western Union Tel. Co. v. Baker, 85 Fed. 690, 29 C. C. A. 392, and cases therein cited. The error assigned was so manifest that, when attention was called to it on the oral argument, it seemed to the majority of the court that but one disposition could be made of the appeal, whereupon argument on the merits was not heard, and the cause was taken for decision, with an intimation that the judgment would probably be reversed.

In the Firment Case, however (170 Fed. 151, 95 C. C. A. 1), after calling attention to the circumstance that the improper practice was suggested by the defendant (appellant), we said:

"If this course had been followed by express direction of the trial judge, defendant could have excepted to a ruling which deprived him of the opportunity to take his exceptions at the proper time, and thus reserved his rights; but he did not do so, and these belated exceptions will not be considered."

In the case now at bar, counsel for the defendant (appellant) did not himself suggest the course pursued, but he apparently acquiesced in it without protest and dictated his exceptions to the stenographer. Had he taken an exception, when the court instructed the jury to retire, on the ground that their doing so would prevent his reserving exceptions to the charge, which an appellate court could consider, and refused to take exceptions in the presence merely of the stenographer, there would have to be a reversal, because under the authorities the appellate court has no discretion to consider belated exceptions, and a refusal to allow exceptions to be taken in time is manifest error. But as the case stands it is substantially the same as Berwind-White Coal Co. v. Firment, supra, and we must dispose of it solely on the exceptions which were lawfully reserved.

There has been no oral argument on these exceptions, but the case seems to be so fully briefed on both sides that we can determine it quite as well on submission. If, however, either side is solicitous to argue it orally, and notice to that effect be given to the clerk within five days, it may be set for hearing on the third Monday of the May session.

NOYES, Circuit Judge (dissenting). Accepting the conclusion of the majority that this court has no right to consider the exceptions to the charge, because they came too late, I think that the action of the trial court in depriving the plaintiffs in error of their right to take lawful exceptions constituted plain error in a matter vital to their interests, which this court, under the circumstances shown upon the record, without formal exception, should correct.