## In re AMBROSE MATTHEWS & CO.

### (District Court, D. New Jersey. January 21, 1916.)

1. BANKRUPTCY ⊙⟹57—ACTS OF BANKRUPTCY—"CONVEYANCE TO DEFRAUD CREDITORS."

A corporation executed an instrument appointing two persons as agents, attorneys, and trustees for the corporation, its stockholders and directors, for the purpose of winding up its affairs, and empowered them to collect outstanding accounts, pay debts, prosecute and defend suits, convey and dispose of property, and after payment of debts divide the assets among the stockholders, and to prepare the necessary papers for the dissolution of the corporation after the settlement of its accounts, and in general terms sought to confer upon them all the powers and liabilities of a board of directors in winding up the corporation's affairs. It contained no words of conveyance, assignment, or transfer, and no intent to confer title upon the trustees appeared. *Held* that, as there was no change in the title to the property, either absolute or conditional, the instrument was not a conveyance or transfer of the corporation's property with intent to hinder, delay, or defraud creditors within the contemplation of Bankr. Act July 1, 1898, c. 541, 30 Stat. 544.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 57, 66, 69–79; Dec. Dig. ⊙⟹57.

For other definitions, see Words and Phrases, First and Second Series, · Conveyance; Hinder, Delay, and Defraud.]

2. BANKRUPTCY ⊙⟹60—ACTS OF BANKRUPTCY—"ASSIGNMENT FOR BENEFIT OF CREDITORS."

There being no assignment of anything by the instrument, it was not a general assignment for the benefit of creditors, within the Bankruptcy Act, since while the general assignment there contemplated is to be taken in its generic sense, and embraces any conveyance at common law or by statute by which one intends to make an absolute and unconditional appropriation of all his property to pay his creditors, share and share alike, there must be an absolute appropriation of the property to raise a fund for the payment of creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⊙⟹60.  ·

For other definitions, see Words and Phrases, First and Second Series, Assignment for Benefit of Creditors.]

3. BANKRUPTCY ⊙⟹60—ACTS OF BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS.

An assignment, to constitute an assignment for the benefit of creditors, within the Bankruptcy Act, need not be formal, and need not even be valid for all purposes.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⊙⟹60.]

4. BANKRUPTCY ⊙⟹60—ACTS OF BANKRUPTCY—"ASSIGNMENT FOR BENEFIT OF CREDITORS."

To constitute an assignment for the benefit of creditors, within the Bankruptcy Act, there must be an absolute transfer by the debtor of both the legal and equitable titles to his property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⊙⟹60.]

In Bankruptcy. In the matter of Ambrose Matthews & Co., alleged bankrupt. On exceptions to and motion to confirm the report of a special master recommending that the alleged bankrupt, a corporation of

New Jersey, be adjudged a bankrupt. Exceptions sustained, and petition dismissed.

Howard A. Sperry, of New York City, for petitioning creditors.

Charles R. Snyder, of Atlantic Highlands, N. J. (S. C. Sugarman, of New York City, of counsel), for alleged bankrupt.

HAIGHT, District Judge. [1] The acts of bankruptcy relied upon are that the alleged bankrupt made a general assignment for the benefit of its creditors, and that it conveyed or transferred its property with intent to hinder, delay, or defraud them. The special master has found that each of these acts has been established. This finding is based upon the execution, by the alleged bankrupt, of an instrument whereby it appointed two persons (hereinafter referred to as "trustees") to wind up its affairs. It is necessary primarily, therefore, to construe this instrument and to ascertain its legal effect as respects the property of the alleged bankrupt. It does not contain any words of conveyance, assignment, or transfer. It merely appoints two persons as "agents, attorneys, and trustees" for the stockholders, directors, and corporation "for the purpose of winding up the affairs" of the corporation. It empowers them to collect the corporation's outstanding accounts, to pay its debts, to prosecute and defend suits for and against it, to convey and dispose of its property, and after payment of its debts to divide its assets among the stockholders; also, to prepare the necessary papers for the dissolution of the corporation immediately after its accounts have been settled; and, generally, it sought in terms to confer upon them all of the powers and to impose all of the liabilities of a board of directors in winding up the affairs of a corporation upon dissolution. It seems entirely clear that it conferred no title whatever to any of the corporation's property upon the trustees. Its effect was merely to clothe the trustees with certain powers regarding the disposition of the corporation's assets and the distribution of the same among its creditors and stockholders. Nor can I find that there was any intent on the part of the alleged bankrupt to confer title upon the trustees. Each of the latter were attorneys at law, and the purpose of the instrument was that they, who were presumably better qualified, rather than the directors, should wind up the affairs of the corporation. As the instrument brought about no change in the title to the property, either absolute or conditional, nothing was conveyed or transferred by it, and it could not hinder, delay, or defraud creditors, because any creditor could proceed to satisfy his claim from the corporation's property to the same extent as though the instrument did not exist.

[2-4] The next question is whether it is a general assignment for the benefit of creditors, within the meaning of the Bankruptcy Act. It has been held quite uniformly that the general assignment there contemplated is to be taken in its generic sense, and embraces any conveyance, at common law or by statute, by which one intends to make an absolute and unconditional appropriation of all his property to pay his creditors, share and share alike. In re Thomlinson Co., 154 Fed. 834, 83 C. C. A. 550 (C. C. A. 8th Cir.), and cases there cited; Courtenay Mercantile Co. v. Finch et al., 194 Fed. 368, 114 C. C. A. 328 (C. C. A.

8th Cir.); In re Salmon & Salmon, 143 Fed. 395 (D. C. W. D. Mo.); Missouri, etc., Elect. Co. v. Hamilton Brown Shoe Co., 165 Fed. 283, 288, 91 C. C. A. 251 (C. C. A. 8th Cir.). The assignment need not be formal, and it is not even necessary that it should be valid for all purposes. Griffin v. Dutton, 165 Fed. 626, 91 C. C. A. 614 (C. C. A. 1st Cir.); Canner v. Webster Tapper Co., 168 Fed. 519, 93 C. C. A. 541 (C. C. A. 1st Cir.); Courtenay Mercantile Co. v. Finch et al., supra. But an absolute transfer by the debtor of both the legal and equitable titles is indispensable. Missouri. etc., Elect. Co. v. Hamilton Brown Shoe Co., supra; In re Federal Lumber Co., 185 Fed. 926 (D. C. Mass.); In re Hartwell Oil Mills (D. C.) 165 Fed. 555; and In re Empire Metallic Bedstead Co., 98 Fed. 981, 39 C. C. A. 372 (C. C. A. 2d Cir.).

In no case to which my attention has been directed has it ever been held that an instrument such as this, which neither contains words of conveyance, nor in legal effect transfers the title of property, would constitute the general assignment contemplated in the Bankruptcy Act; in other words, that a mere power of attorney is a general assignment. If nothing is assigned by an instrument, it is difficult to perceive how it can be said to be an assignment. Nor would an instrument such as this, which did not divest the corporation of all title to the property, constitute, under the laws of New Jersey, a general assignment. Muchmore v. Budd, 53 N. J. Law, 369, 386, 22 Atl. 518. In fact, the authorities in all jurisdictions recognize that to constitute a general assignment, which is sui generis, there must be an absolute appropriation by the debtor of his property to raise a fund for the payment of his creditors. I am therefore constrained to hold that the instrument in question did not constitute a general assignment. Hence the execution and delivery of it was not an act of bankruptcy. I have reached this conclusion with reluctance, because I think that the interest of all parties would be better served if the estate were administered in bankruptcy.

The petitioner further contends that the answer in this proceeding was filed without authority from the proper corporate officers. When the answer was filed, a motion was made to strike it out, upon the same ground. This was denied, because it was then shown that at a regularly convened meeting of the board of directors the filing of the answer and the employment of an attorney to defend against the petition was authorized. The evidence taken before the special master has disclosed nothing to change the view then entertained. Counsel for petitioner has, in urging the point at this time, probably overlooked the last adjourned meeting of the board of directors, a copy of the minutes of which were attached to the affidavit which was presented in opposition to the motion, above mentioned, to dismiss the answer.

It follows, therefore, that the exceptions to the special master's report must be sustained, and the petition dismissed.