### In re AMBROSE MATTHEWS & CO.

(Circuit Court of Appeals, Third Circuit.    October 25, 1916.)

No. 2133.

1. BANKRUPTCY ⬤➡60—ACTS OF BANKRUPTCY—ASSIGNMENT FOR BENEFIT OF CREDITORS.

A corporation executed an instrument appointing two persons as agents, attorneys, and trustees for the corporation, its stockholders and directors, for the purpose of winding up its affairs, and empowered them to collect outstanding accounts, pay debts, prosecute and defend suits, convey and dispose of property, and after payment of debts divide the assets among the stockholders, and to prepare the necessary papers for the dissolution of the corporation after the settlement of its accounts, and in general terms sought to confer upon them all the powers and liabilities of a board of directors in winding up the corporation's affairs. It contained no words of conveyance, assignment, or transfer, and no intent to confer title upon the trustees appeared. *Held* that, as there was no assignment by the instrument, it was not a general assignment for the benefit of creditors, within the Bankruptcy Act, or state statutes, constituting an act of bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⬤➡60.]

2. BANKRUPTCY ⬤➡81(4)—PETITION—GROUNDS OF BANKRUPTCY.

Where the petition of creditors alleged that a corporation was insolvent, and had committed an act of bankruptcy by conveying to trustees all of its property, empowering them to collect outstanding accounts, pay debts, and wind up its affairs, the petitioning creditors cannot, on the ground that the instrument constituted a conveyance of corporate property to injure, delay, or defraud creditors, complain that their petition was denied.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 118; Dec. Dig. ⬤➡81(4).]

In Error to the District Court of the United States for the District of New Jersey; Thos. G. Haight, Judge.

In the matter of Ambrose Matthews & Co., an alleged bankrupt. From a decree dismissing their petition in bankruptcy (229 Fed. 309), the petitioning creditors appeal. Affirmed.

Irving W. Teeple, of Newark, N. J. (Howard A. Sperry, of New York City, of counsel), for appellants.

Charles R. Snyder, of Atlantic Highlands, N. J. (S. C. Sugarman, of New York City, of counsel), for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

McPHERSON, Circuit Judge. [1] This is an appeal by the petitioning creditors from a decree dismissing their petition in bankruptcy.

The reasons of the district judge will be found in 229 Fed. 309; and we agree with so much of his opinion as upholds the view that the writing in question is not an assignment for the benefit of creditors, either under the federal law or the law of New Jersey. The instrument in full is as follows:

"We, the undersigned, shareholders and directors of the Ambrose Matthews & Company (body corporate), do hereby nominate, constitute and appoint Mary Wooster Sutton, of Red Bank, N. J., and Charles R. Snyder, of Atlantic Highlands, N. J., agents, attorneys and trustees for us and said company for the purpose of winding up the affairs of the said corporation, and to have full power and authority as follows, hereby ratifying and confirming all our said agents and trustees do in the premises, viz.:

"1. To collect all outstanding accounts and debts due or growing due to said corporation and to pay and settle all indebtedness of said corporation, using where necessary their best judgment in compromising both bills receivable and bills payable, and to give acquittance therefor.

"2. To prosecute and defend suits by or against the corporation to enable the trustees aforesaid to settle and close its affairs, and to convey and dispose of its property, and to divide its moneys and other property among the stockholders after payment of its debts, and liabilities.

"3. To open a bank account in the First National Bank of Red Bank, N. J., in the name of Ambrose Matthews & Co., Mary Wooster Sutton and Charles R. Snyder, Trustees.

"4. To ascertain the assets and liabilities of said corporation by any lawful means said trustees shall deem best suited to obtain a just estimate of same, whether by appraisal, by the corporation books, or by any other method they may elect.

"5. To prepare the necessary papers for dissolving said corporation immediately after the corporation accounts are settled and the record thereof is delivered to the directors by said trustees, which dissolution papers all the stockholders of record, viz., Ambrose Matthews, Philip Rosenblum, and Bendet Rosenblum, hereby agree to sign and formally execute whenever the papers for so doing are presented to said directors and stockholders for their signatures.

"6. To fulfill the contract made between the corporation and one John Fox, or to make such settlement with said Fox as he and said trustees or attorneys may agree upon.

"7. To have and exercise all the power and liabilities which would devolve upon said corporation's board of directors as trustees for dissolution of said corporation for the winding up of the corporate business of said company.

"8. And it is further stipulated, understood and agreed that said agents, attorneys and trustees shall receive for their services a reasonable fee as compensation and also the costs and expenses of the administration of their trust, to be paid to said trustees first out of the assets of said corporation.

"In witness whereof the said stockholders and directors of said company (body corporate) have hereunto set their hands and seals this third day of April, A. D. 1914.

| | |
|---|---|
| "Ambrose Matthews, Director. | [L. S.] |
| "Philip Rosenblum, Director. | [L. S.] |
| "Bendet Rosenblum, Director. | [L. S.] |
| "Ambrose Matthews & Co., | |
| "By Ambrose Matthews, President. | [L. S.] |
| "Philip Rosenblum, Secretary. | [L. S.] |
| "Stockholders { Ambrose Matthews. | [L. S.] |
| Bendet Rosenblum. | [L. S.] |
| Philip Rosenblum. | [L. S.]" |

[2] With regard to the other contention on behalf of the appellants —that the foregoing instrument conveyed or transferred the bankrupt's property with intent to injure, delay, or defraud its creditors—it is only necessary to say that no such charge is made by the petition, as

will appear by the following paragraph, in which the act of bankruptcy complained of is described:

"And your petitioner further represents that the said Ambrose Matthews & Company is insolvent and that within four months next preceding the date of this petition, the said Ambrose Matthews & Company committed an act of bankruptcy in that it did heretofore to wit, on the third day of April, 1914, convey and deliver to Mary Wooster Sutton, of Red Bank, N. J., and Charles R. Snyder, of Atlantic Highlands, N. J., all the property and effects of said corporation, and appointing them trustees for the said company to collect the outstanding accounts and to exercise all the power of the board of directors of the said corporation and to wind up its affairs and to divide assets among the creditors."

Finding no error, the decree is affirmed at the costs of the appellants.