### CENTRAL VERMONT RY. CO. v. HOWARD.

(Circuit Court of Appeals, Second Circuit. March 17, 1924.)

No. 284.

1. **Master and servant** ⊕⟶289(33)—**Contributory negligence in uncoupling cars question for jury.**

Where plaintiff, who was directing the movement of a train on a spur track, where it had moved for the purpose of leaving a car which was to be uncoupled by plaintiff, gave the engineer two signals to move the train, which were not obeyed, then gave a signal to stand still, and went between the cars, and was injured by the moving of the train, whether he was chargeable with contributory negligence, under the circumstances, in acting on the assumption that his last signal would be obeyed, *held* a question for the jury.

2. **Master and servant** ⊕⟶288(1)—**Assumption of risk in uncoupling cars held not in issue.**

Where the jury were instructed, in an action for injury to an employee while uncoupling cars, that plaintiff could not recover unless he signaled the engineer to stand still, as he claimed, the question of his assumption of risk in acting in reliance on such signal did not arise.

3. **Appeal and error** ⊕⟶272(2)—**Exceptions to charge must be taken before retirement of jury.**

In the federal courts, exceptions to the charge, to be available in the appellate court, must be taken before retirement of the jury, and should be taken in the presence of the jury.

Appeal from the District Court of the United States for the District of Vermont.

Action at law by George B. Howard against the Central Vermont Railway Company. Judgment for plaintiff, and defendant brings error. Reversed.

⊕⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. W. Redmond, of Newport, Vt., and Wm. R. McFeeters, of St. Albans, Vt., for plaintiff in error.

M. G. Leary, of Burlington, Vt., and H. C. Shurtleff, of Montpelier, Vt., for defendant in error.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

MANTON, Circuit Judge. While the defendant in error was employed as a car inspector in the service of the plaintiff in error at Burlington, Vt., he was injured, and brings this action to recover therefor. A regular passenger train, engaged in interstate commerce, arrived at Burlington, headed south, and discharged its passengers. The locomotive was disconnected from the train, and moved south to a switch, and backed in a northerly direction to a switch north of the train, and hitched the front of the engine to the north end of the train. As the train was thus made up, there was the engine, two coaches, a baggage car, and a sleeper. It was intended later that this train move from its then position north to and over another switch, and then move south on a spur track, where the sleeper would be left. It was the duty of the defendant in error to fasten and unfasten the air hose and coupling whenever the cars were connected or disconnected. When the train was stopped on the spur track, it was his duty to cut out the air and couplings between the baggage car and the sleeper, so that the sleeper might be left for an outgoing train that night.

The defendant in error testified that, as the train nosed on the spur track, the engineer was on the same side as he, in full view. The defendant in error was directing the movement of the train. The train stopped, and he made an effort to uncouple the sleeper from the rest of the train, but could not accomplish this, as the cars were drawn out so tightly that the pin could not be pulled. He thereupon motioned the engineer to move south to relieve the strain on the cars. The engineer did not respond. He thereupon gave the same signal again, with no response. He testified that he thereupon gave the signal to stand still, went in between the cars, intending to uncouple the air hose, and was crushed by a forward movement of the train. He further testified that there were other occasions when the engineer refused to obey his signal. It appears that at the time there was a strike of the railroad car repair men, and their positions were being filled by others.

The testimony of the plaintiff in error was given by three employees, and it appears therefrom that the train was stopped on the spur at a signal from the conductor. The engineer saw the defendant in error alight from one of the coaches, go to the north end of the baggage car to uncouple the baggage car from the coach, and to give the signal to move the engine and two coaches north. The defendant in error was seen going between the baggage car and the sleeper, and to give the engineer a signal to move north, being unable to move the pin to uncouple the cars. He signaled the engineer to move south, to place the cars nearer together, and it was claimed that the engineer was unable to see the defendant in error after the signal to move south. But the

brakeman and fireman were both in such a position as to see the defendant in error, and after giving the signal they said he jumped between the cars and was crushed. The jury, however, rejected the proof of the plaintiff in error and found it guilty of negligence.

[1] Error is assigned to the charge of the court in refusing to submit to the jury the question of whether the defendant in error, under circumstances disclosed by his own proof, was guilty of contributory negligence. The record reads that "the defendant duly and seasonably excepted to the charge of the court," and we must assume that this was in open court. The exception is as follows:

"(1) The defendant excepts to the failure of the court to submit to the jury whether on the plaintiff's evidence, on his story of how the accident occurred, he was not guilty of contributory negligence in going between the cars in the circumstances disclosed by his own evidence; that is, that, the court having defined to the jury what constitutes contributory negligence, it should say: 'Gentlemen, if you find that a prudent man, in the circumstances in which plaintiff's evidence shows that he was, namely, having given two pin motions to push the train north, which was either ignored or not seen by the engineer, to assume that when he gave the stop motion he could safely go between the cars, if you find that a prudent man would not act in that way, then plaintiff, if he did act in that way his evidence tended to show, and his failure to attain to the standard of a prudent man contributed to his injury in the circumstances, then the court would charge what the law is in the way of mitigation of damages. Further, if a prudent man would not have given those two pin signals, when they were ignored, without speaking before he gave the final signal, so as to call the attention of the engineer to the fact that he wanted him to stand still, and went in under the cars in those circumstances, if a prudent man would not do that, and the failure to attain to the standard of a prudent man in those circumstances contributed to the happening of the accident, then plaintiff's damages should be diminished under the law to the extent and to the amount that the law prescribes.'"

The court refused to permit the jury to pass upon the question of contributory negligence of the defendant in error, saying:

"The court does not permit the plaintiff to recover, unless the jury find that he gave the signal to stand still, and the engineer saw it or ought to have seen it, in the exercise of the care and prudence of a reasonably careful and prudent person."

Upon the defendant in error's own testimony, it appears that the engineer did not obey the signal to move the train when given. A jury may say he was not justified in believing that the stop signal would have been obeyed, and he may have been found by a jury to have failed in the exercise of ordinary care in going in between the cars under the circumstances. This does not mean that the engineer deliberately disobeyed the signal; it is possible that he did not see or understand. The extent to which the defendant in error had the right to rely upon assurances of his safety while in between the cars was a question of fact for the jury. D., L. & W. R. R. v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Larson v. N. E. R. R. Co., 223 N. Y. 14, 119 N. E. 92.

[2] Error is also assigned for failure of the court to submit to the jury as a question of fact the question of the defendant in error's assumption of the risk. The trial court limited the right to recover to

the finding by the jury that the defendant in error gave a signal to stop before going in between the cars, and said:

"But the court has told the jury that, if the defendant [plaintiff] did not give the signal to stand still, he cannot recover at all."

Since the right to recover was limited to the giving of such a signal, the question of assumption of risk was not in the case. No error was committed in refusing to submit that question to the jury.

Error is assigned for the following exception taken by the plaintiff in error:

"There has been a good deal of an evidence of a strike, and the emnity between the employees of the railroad and those who were substituted for the strikers, and in that connection some evidence about enmity between these trainmen and plaintiff. Plaintiff has disclaimed any intention to impute to the engineer that he purposely and deliberately intended to injure this man, but the evidence is there, and argument has been made in respect of it, and the defendant excepts to the failure of the court to instruct the jury emphatically that, if the engineer deliberately ran that train up to the plaintiff, and they believe plaintiff's evidence as to how the injury occurred, that defendant is not liable, because there is no theory on which any trier is justified in saying that on plaintiff's evidence, the engineer could have moved that train south unless he did it purposely, if he saw the signal to stand still. The court has in substance said that if he saw the signal to stand still, and disregarded it, moved south when plaintiff went in there, that the jury would be justified in finding that defendant was liable. Now defendant excepts to the failure of the court to instruct the jury that if the engineer saw that signal to stand still, and deliberately disregarded it, and moved south after plaintiff went in between the cars, that that could not be in the line of his duty, couldn't be conceived by him to serve any purpose of his master, but only to gratify his own desires, and in that event, if the jury so find, the plaintiff cannot recover."

Both the engineer and the defendant in error testified that there was no enmity between them. The defendant in error did not accuse the engineer of deliberate action in starting the train on the occasion of his injury, and the engineer denied malice or deliberate action on his part. The theory of the above request to instruct the jury is founded upon the fact that there was a strike of the car repair men, and it is argued from this fact alone, together with the inference that might be drawn, that the action on the part of the engineer in starting the train, if he knew the defendant in error was in between, was such an act as to be beyond the scope of the employment of the engineer, and one for which his master, the plaintiff in error, would not be responsible. There is no evidence of deliberate or malicious action on the part of the engineer. But, since there is to be a new trial, if there is evidence offered showing enmity between the defendant in error and either the conductor or engineer, the jury should be instructed to determine whether, on the evidence, for that reason, the signals were deliberately disobeyed and resulted in injury to the defendant in error. The distinction should always be pointed out that the plaintiff in error would be liable for an act of omission or commission, if done negligently and if within the scope of the master's employment. Ploff v. Putnam, 83 Vt. 252, 75 Atl. 277, 26 L. R. A. (N. S.) 251, 138 Am. St. Rep. 1085.

[3] In view of the statement, made in open court, that the practice prevailing in the district from whence this case comes is to take excep-

tion to the charge in the absence of the jury, we must point out that exceptions so taken are of no avail in an appellate court. We pointed out in Central R. R. of N. J. v. Sharkey, 259 Fed. 150, 170 C. C. A. 212, the rule requires that exceptions to instructions or to refusals to instruct must be taken at the trial, to be available. They must be taken before the retirement of the jury, and should be taken in the presence of the jury. See also Hickory v. U. S., 151 U. S. 316, 14 Sup. Ct. 334, 38 L. Ed. 170; Mann v. Dempster, 179 Fed. 837, 103 C. C. A. 325; Miller v. Petrocello, 236 Fed. 852, 150 C. C. A. 108; Alverson v. Ore. & Washington R. R.. etc., Co., 236 Fed. 331, 149 C. C. A. 591.

Judgment reversed.