## In re CARASALJO HOTEL CO.

## MARINE WORKS, Inc., et al. v. GALLAGHER.

(Circuit Court of Appeals, Third Circuit. September 22, 1925.)

No. 3161.

1. Bankruptcy ⟨⟩460—All defeated parties must join in appeal.

The general rule that parties against whom a joint judgment or order is rendered must unite in an appeal is applicable to appeals in bankruptcy proceedings.

2. Bankruptcy ⟨⟩460—Joinder of petitioning creditor in appeal from order dismissing petition, against its express orders, held not to give appellate court jurisdiction.

The appellate court held without jurisdiction of an appeal from an order dismissing an involuntary petition, where one of the petitioning creditors, whose presence was necessary to make the requisite number, was joined as an appellant in violation of its express direction in writing.

3. Bankruptcy ⟨⟩81(4)—General allegations of acts of bankruptcy are insufficient.

General allegations of acts of bankruptcy in an involuntary petition, in the language of the statute, without setting out any facts, are insufficient.

**4. Bankruptcy ⊙=57—Allegation of lease of property insufficient to charge fraudulent transfer.**

There can be no transfer in fraud of creditors unless the title to property is changed, and an allegation of a lease of property is insufficient to charge an act of bankruptcy.

**5. Bankruptcy ⊙=60—Appointment of a temporary receiver for a corporation held not an "act of bankruptcy."**

Appointment of a temporary receiver for a corporation by a court under its general equity powers *held* not to constitute an appointment of a receiver because of insolvency under a state statute requiring a judicial determination of insolvency before such appointment is made, and 'not to constitute an act of bankruptcy within the meaning of Bankruptcy Act, § 3 (Comp. St. § 9587).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

Appeal from the District Court of the United States for the District of New Jersey; Wm. N. Runyon, Judge.

In the matter of the Carasaljo Hotel Company, alleged bankrupt; Arthur G. Gallagher, receiver. The Marine Works, Inc., and others, petitioners, appeal from an order dismissing the involuntary petition. Affirmed.

Israel B. Greene and William Harris, both of Newark, N. J., for appellants.

George Furst and Joseph L. Smith, both of Newark, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from an order dismissing an involuntary petition in bankruptcy filed against the Carasaljo Hotel Company by the appellants.

On February 11, 1924, a bill in equity was filed in the District Court against the hotel company, and Arthur G. Gallagher was appointed temporary receiver. He had taken the assets of the company into his custody when on February 23, 1925, an involuntary petition in bankruptcy was filed against the company. Two days later the court granted an order, returnable on March 3, 1924, directed to the hotel company and the receiver, to show cause why a receiver in bankruptcy should not be appointed and an injunction issued restraining further prosecution of the suit in equity. Thereupon, on February 29th, the receiver in equity served notice on counsel of the appellants, that he would apply to the court, on the return day of the order to show cause, for an order dismissing the involuntary petition in bankruptcy because,

among other things, it was not filed in good faith and did not disclose facts constituting ground for adjudication in bankruptcy, and also for an order dismissing the order to show cause. On the return day of the order to show cause, the court refused to appoint a receiver in bankruptcy and dismissed the involuntary petition in bankruptcy and all proceedings had thereunder on the ground that the petition did not "contain a recital of the jurisdictional requisites as provided for by the Bankruptcy Act of 1898 and as amended."

The New Brunswick Cornice Works, one of the petitioning creditors, before the return day of the order to show cause, wrote the attorney who filed the petition and who is prosecuting this appeal that: "We desire to advise you that under a misapprehension we signed involuntary petition in bankruptcy against the Carasaljo Hotel Corporation, Lakewood, N. J. Will you therefore withdraw our name as one of the petitioning creditors and no longer continue to represent us in this matter? Our regular attorney is Mr. Edmond A. Hayes of New Brunswick, N. J. Please follow our instructions."

He apparently disregarded the letter, and in taking this appeal used the name of the New Brunswick Cornice Works as one of the appellants. Thereafter its permanent counsel, Edmund A. Hayes, Esq., who was away when the petition in bankruptcy was filed, wrote the attorney as follows: "I had intended to write you before this in reference to the Carasaljo Hotel Company, in which matter you appeared for my clients, the New Brunswick Cornice Works, on the original petition. I understand that the petition presented by you was dismissed, and that you thereafter took an appeal again representing the New Brunswick Cornice Works. These people instructed me some time ago to say that they desired to proceed no further with this bankruptcy claim, as they felt that they had been improperly advised during my absence, and that their lien had been jeopardized by your action in filing on their behalf, a petition against the Carasaljo Hotel Company without first ascertaining whether or not they were a preferred creditor. I would thank you to let me know if it is true that you have filed an appeal on their behalf, and if such is the case, I hope that you will withdraw it at once without making it necessary for me to appear before the court on an application to have the appeal dismissed."

[1, 2] The general rule that parties against whom a joint judgment or order is rendered must unite in the appeal is applicable to

appeals in bankruptcy proceedings. Where an appeal is taken from a judgment refusing to adjudge a defendant bankrupt and dismissing the petition, all the petitioning creditors must join in the appeal, otherwise the appellate court does not have jurisdiction. In re Dandridge & Pugh, 209 F. 838, 126 C. C. A. 562; Loveland on Bankruptcy, vol. 2, pp. 1465–1469; Collier on Bankruptcy (13th Ed.) vol. 1, p. 869. The New Brunswick Cornice Works not only did not unite in the appeal, but expressly in writing directed the attorney who filed the petition to withdraw its name as one of the petitioning creditors and not to represent it any further. Its name was therefore used without authority and was improperly included as one of the appellants. It is admitted that there were more than twelve creditors. The name of the cornice works was accordingly a necessary party to the appeal which is not properly before this court so as to give it jurisdiction and might be dismissed on that ground.

But assuming that the appeal is here with the required appellants as parties, did the petition contain "a recital of the proper jurisdictional requisites"? The acts of bankruptcy alleged are four:

(1) That it had transferred money while insolvent with intent to create a preference.

(2) That upon pretended antecedent indebtedness it has transferred to persons unknown "valuable properties, consisting of money, merchandise, accounts and dues receivable of the value of $——— (no amount mentioned) applicable to the payment of the debts of the said alleged bankrupt."

(3) That it had leased all its property to one Albert Glass with intent to hinder, delay, and defraud its creditors.

(4) That a receiver was appointed for the hotel company.

[3] The first two reasons do not set out facts, but mere conclusions. It is evident that the petitioners did not know any jurisdictional facts and were simply "fishing" for anything which they might catch. General allegations in the language of the statute, as here made, are insufficient. In re Rosenblatt, 193 F. 638, 113 C. C. A. 506; In re McGraw (D. C.) 254 F. 442; In re Connecticut Brass & Mfg. Corporation (D. C.) 257 F. 445.

[4] The third reason does not allege a transfer in fraud of creditors, and there can be no transfer in fraud of creditors unless title to the property is changed. The allegation of the lease of property is insufficient. In re Ambrose Matthews & Co. (D. C.) 229 F. 309.

[5] The fourth ground was the appointment of a temporary receiver under sections 65 and 66 of the Corporation Act of 1896 of New Jersey (P. L. p. 298). This court held, in the case of Zugalla v. International Mercantile Agency, 142 F. 927, 933, 74 C. C. A. 97, that a permanent receiver could be appointed under the act only after a judicial determination of the insolvency of the corporation, and that the appointment of a temporary receiver could not be made under the statute, but such appointment was made under the general equity powers of the court and did not constitute the appointment of a receiver under the laws of the state because of insolvency within the meaning of section 3 of the Bankruptcy Act (Comp. St. § 9587). Collier on Bankruptcy (13th Ed.) vol. 1, 171; In re Hudson River Electric Power Co. (D. C.) 173 F. 934.

The appellants laid emphasis at the argument upon their contention that the question of the dismissal of the petition in bankruptcy was not legally and properly before the court and it, therefore, had no jurisdiction to hear and determine the question. It was not before the court on the appellants' order to show cause. That was limited to two questions: The appointment of a receiver in bankruptcy and the issuance of an injunction restraining further prosecution of the suit in equity. But the question was before the court on the notice of the equity receiver. There is no reason why the District Judge should not have considered the question unless for failure to notice and serve the motion five days before the time appointed for the hearing in accordance with the requirement of rule 1 of the Rules in Bankruptcy of the Court. However, he could suspend the five days' requirement if he so desired. This he could do by express order or by actually considering the motion at the appointed time.

He did the latter, and this does not constitute grounds for reversal, and the decree is affirmed.