ON PETITION FOR RECONSIDERATION

PER CURIAM:
The Government petitions for reconsideration of this Court’s opinion at 56 MJ 172 (2001). In its petition, the Government argues that we (1) improperly shifted the burden of establishing a challenge for cause away from the party making the challenge, contrary to RCM 912(f)(3), Manual for Courts-Martial, United States (2000 ed.), and (2) overlooked facts about the relationship between the challenged member and his subordinates and misapprehended the operational situation at Fort Stewart at the time of trial.
To be successful on a petition for reconsideration, the petitioner must demonstrate that the Court misconstrued or overlooked an issue of law or fact. Rule 32, Rules of Practice and Procedure, United States Court of Appeals for the Armed Forces; United States v. Quillen, 28 MJ 166 (CMA 1989)(pet. for recon. denied); see Fed. R.App. P. 40(a)(2); Lissa Griffin, Federal Criminal Appeals § 7:12 at 7-13 (2002). For the reasons set forth below, we are not convinced that we misconstrued or overlooked any point of law or fact critical to our original opinion. Thus, we deny the petition.
In our original opinion, we held that the military judge abused his discretion in failing to grant a challenge for cause based on implied bias, where one panel member, a Brigade Commander, had a supervisory position over six of the other members, and the resulting seven members made up a two-thirds majority sufficient to convict. Contrary to the Government’s first assertion, we never shifted the burden of establishing a challenge for cause away from the party As clearly noted in our opinion, we took our action “in accord with this Court’s precedent on RCM 912.” 56 MJ at 175. Under that precedent, the burden of establishing grounds for a challenge for cause rests upon the party making the challenge. RCM 912(f)(3); United States v. New, 55 MJ 95, 99 (2001); United States v. Rolle, 53 MJ 187, 191 (2000); United States v. Warden, 51 MJ 78, 81 (1999); United States v. Giles, 48 MJ 60, 63 (1998). making the challenge.
In this case, the defense challenged a panel member for cause based on implied bias and met its burden by referencing the member’s supervisory position over six of the other nine panel members, a fact established during voir dire. What the Government perceives as burden-shifting is our suggestion that national security exigencies or operational necessities could have been used in rebuttal to demonstrate “that it was necessary for the Brigade Commander to serve on this panel.” 56 MJ at 176. That suggestion, however, did not relieve the defense of its burden of first establishing that a ground for challenge existed; rather, it simply noted how the Government might have chosen to respond, if justified by the facts, once the defense met its burden.
Contrary to the Government’s second assertion, we did not overlook or misapprehend any facts about command relationships or operational necessities. Although our opinion did not comment on the specifics of each supervisory relationship or the operational status of each brigade at Fort Stewart, those particular facts were not critical to our finding that the military judge abused his discretion in denying the challenge for cause. Notwithstanding the operational requirements at the time, there remained ample officers at Fort Stewart from which to select a member other than the Brigade Commander. The Government did not demonstrate otherwise at trial, in its brief, or at oral argument, where government counsel was asked a direct question on this point.
We also reject the Government’s implication that we improperly established a *50 per se rule requiring disqualification of a senior member who writes or endorses an efficiency report for a junior member. In our original opinion, we repeatedly stated just the opposite. First, we emphasized that “[i]t is well settled that a senior-subordinate/rating relationship does not per se require disqualification of a panel member.” 56 MJ at 175. Later, we stated that “appellate review of this ease neither requires application of per se principles nor rejection of [this Court’s previous] guidance that implied bias should be invoked rarely.” Id. Finally, we remarked that our decision was “a contextual judgment,” and we underscored the fact that “[t]o address this issue from the standpoint of performance reports misses the point.” Id. at 175-76. We continue to reject a per se rule.
The Chief Judge’s dissent relies primarily on cases involving the Sixth Amendment, without taking into account the limited applicability of that amendment in the military justice system. The Sixth Amendment right to trial by jury does not apply to courts-martial. New, 55 MJ at 103; United States v. Kirkland, 53 MJ 22, 24 (2000); United States v. Loving, 41 MJ 213, 285 (1994); United States v. Smith, 27 MJ 242, 248 (CMA 1988); United States v. Kemp, 22 USCMA 152, 154, 46 CMR 152, 154 (1973). Who may serve on a court-martial is governed instead by Article 25, Uniform Code of Military Justice, 10 USC § 825, which permits the convening authority—the official who has exercised prosecutorial discretion in the case—personally to select the members of the court-martial panel. See Kemp, 22 USCMA at 154, 46 CMR at 154.
This Court, in a long line of cases, has consistently defined implied bias in terms of a bias viewed through the eyes of the public. United States v. Downing, 56 MJ 419, 422 (2002); New, 55 MJ at 99-100; United States v. Armstrong, 54 MJ 51, 53-54 (2000); Warden, 51 MJ at 81; United States v. Rome, 47 MJ 467, 469 (1998); United States v. Napoleon, 46 MJ 279, 283 (1997); United States v. Daulton, 45 MJ 212, 217 (1996); United States v. Glenn, 25 MJ 278, 280 (CMA 1987); United States v. Smart, 21 MJ 15, 19 (CMA 1985); United States v. Harris, 13 MJ 288, 292 (CMA 1982). Therefore, the Chief Judge’s dissent is incorrect in suggesting that an issue of implied bias involving the command relationships among the members of the panel should be viewed through the prism of the Sixth Amendment’s requirement for a randomly selected jury of one’s peers. The issue is appropriately viewed in the context of public perceptions of a system in which the commander who exercises prosecutorial discretion is the official who selects and structures the panel that will hear the case.
Accordingly, we deny the petition for reconsideration.