CRAWFORD, Chief Judge
(concurring in part and in the result):
When, as in this case, an. appellant is represented by counsel, has notice of the convening authority’s action, and takes no further action for months, there is no violation of due process. Generally, a litigant should raise an issue when there is a timely opportunity to respond and take action if appropri *250 ate. Cf. Johnson v. Garber, 73 F. 523, 524-25 (6th Cir.1896)(“[A] court of error cannot consider an exception [to the indictment] which was not tendered at the time of the ruling of the trial court[.]”). The common law concept of waiver is not new and applies to almost every area of the law and nearly every right. See, e.g., RCM 903(e), 905(b), 905(e), 907(b)(2), 1106(f)(6), Manual for Courts-Martial, United States (2000 ed.);[1] Mil.R.Evid. 103, 305(g), 311(e), 321(g), Manual, supra; cf. RCM 1101(c)(7)(B) (request for reconsideration).
There is no requirement that a Staff Judge Advocate’s (SJA) recommendation on a request for deferment be served on an appellant or his defense counsel. This Court is once again crossing over the boundary of the doctrine of separation of powers and engaging in judicial rule-making by converting the Manual rules on “new matter” (RCM 1106(f)(7)) to new rules on requests for deferment. If we are truly a court of law, we should apply the existing rules and leave promulgation of new rules to the President. It is not the role of a court to impose new rules and ignore the long-established common law rules concerning waiver. Rather than devising a new rule, this Court should adopt as suitable analogues the existing rules that pertain to recision of deferment.
It matters how we decide cases. Appellant is not left without a right. His due process rights have not been abridged. Our Court is part of the “majoritarian process. That is, the elected representatives of Congress, in consultation with the Executive branch, have the power to make any necessary changes” that may be needed. United States v. Weiss, 36 MJ 224, 239 (CMA 1992)(Crawford, J., concurring in the result). As Chief Justice Marshall stated: “The difference between the departments undoubtedly is, that the legislature makes, the executive executes, and the judiciary construes the law____” Wayman v. Southard, 10 Wheat. 1, 23 U.S. 1, 46, 6 L.Ed. 253 (1825). Courts do not make the law. That is left to our elected officials. Jack N. Rakove, Original Meanings: Politics and Ideas in the Making of the Constitution 367-68 (1996).[2] I disagree with those who would argue that because changes are slow, judges, not the majoritarian process, should be the prime movers of changes to the law.
Appellant’s trial was completed on October 20,1999. On October 29,1999, defense counsel prepared a request for deferment of the reduction in rank and automatic forfeitures. This request was to allow appellant to continue making child support payments. On October 28, the judge authenticated the record of trial, and on November 2, the SJA completed and served the recommendation on defense counsel. The defense’s request for deferment was not faxed to the legal office until November 3. On November 8, 1999, the SJA signed a formal recommendation to the convening authority recommending disapproval of the request for deferment. This recommendation was not served on defense counsel. That same day, the convening authority denied the request, and 11 days later took action affirming the findings and sentence.
The failure to seek reconsideration of the deferment request constitutes waiver. Foremost, appellant was not prejudiced since he only had 20 days left to serve in confinement. He was married, but his wife was an active duty servicemember, presumably drawing full pay and allowances. Because he was only subject to partial forfeitures, the re *251 mainder of his pay could be given to the children.
While I agree with the majority as to Issue II, I would apply the common law rule of waiver to Issue I. This concept is not new but was echoed by Francis Bacon’s admonition 200 years ago that judges should not make the law because that is for the parliament. 1 Selected Writings of Francis Bacon 138 (Modern Library ed.1937).

. All Manual provisions are identical to the ones in effect at the time of appellant’s court-martial.

. There seems to be an unusual pattern to the majority’s decision-making this term of Court. The Court is acting as a quasi-administrative body rather than as a court of law. While each individual case standing alone may not appear to be significant, the consideration of all together reveals a disturbing pattern of judicial overreaching unrivaled in the Court’s recent history. See United States v. Wiesen, 56 MJ 172 (2001), pet. for recon. denied, 57 MJ 48 (2002); United States v. Spaustat, 57 MJ 256 (2002); United States v. Tardif, 57 MJ 219 (2002); United States v. Jordan, 57 MJ 236 (2002). While my colleagues are certainly well intended, they are trying to solve problems through judicial rule-making that can better and more appropriately be resolved by either the Legislative or Executive Branch.