*This opinion is subject to revision before publication*

# UNITED STATES COURT OF APPEALS
## FOR THE ARMED FORCES

————————

### UNITED STATES
Appellee

**v.**

### Jacob L. BRUBAKER-ESCOBAR, Sergeant
United States Army, Appellant

**No. 20-0345**

Crim. App. No. 20190618

Argued March 9, 2021—Decided September 7, 2021

Military Judges: Douglas K. Watkins and Maureen A. Kohn

For Appellant: *Major Alexander N. Hess* (argued); *Colonel Michael C. Friess, Lieutenant Colonel Angela D. Swilley, Major Kyle C. Sprague,* and *Captain Nandor F. R. Kiss* (on brief).

For Appellee: *Major Amanda L. Dixson* (argued); *Colonel Steven P. Haight, Lieutenant Colonel Craig Schapira,* and *Lieutenant Colonel Wayne H. Williams* (on brief).

————————

PER CURIAM.[1]

We hold that in any court-martial where an accused is found guilty of at least one specification involving an offense that was committed before January 1, 2019, a convening authority errs if he fails to take one of the following post-trial actions: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part. However, depending upon the date that the charges were preferred or referred and depending upon the sentence that was adjudged, such an error does not necessarily deprive a Court of Criminal Appeals of jurisdiction. In the instant case, the charges were referred after January 1, 2019, and a bad-conduct discharge

---

[1] Oral argument for this case was held on March 9, 2021, when Chief Judge Stucky was still serving as an active judge on the Court. On July 31, 2021, Chief Judge Stucky's term expired. *See* Article 142(b)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 942(b)(2) (2018). Pursuant to Article 142(e)(1), UCMJ, 10 U.S.C. § 942(e)(1) (2018), he continues to serve on this case in a senior status.

was adjudged. Under these circumstances, we conclude that the United States Army Court of Criminal Appeals (ACCA) had jurisdiction to review Appellant's case despite the procedural error committed by the convening authority. We further conclude that Appellant is entitled to no relief here because the convening authority's error was harmless.

## I. Background

Appellant was convicted at a general court-martial, pursuant to his pleas, of five specifications of maltreating subordinates and one specification of assault consummated by a battery. Articles 93 and 128, UCMJ, 10 U.S.C. §§ 893, 928 (2018). Appellant committed these offenses in 2018 but the charges were not referred until June 2019. The military judge sentenced Appellant to a bad-conduct discharge and reduction to the grade of E-1.

As part of the clemency process, the staff judge advocate advised the convening authority that the provisions of the Military Justice Act of 2016 (MJA),[2] which generally became effective on January 1, 2019, applied to Appellant's case. Thus, unlike in prior cases where the convening authority was required under the provisions of the old version of Article 60, UCMJ,[3] to approve, disapprove, commute, or suspend a sentence in whole or in part, the staff judge advocate indicated that pursuant to the provisions of the new Article 60a, UCMJ,[4] the convening authority in Appellant's case (a) was not authorized to take action on the findings or on the adjudged bad-conduct discharge, (b) could disapprove Appellant's reduction to the grade of E-1 if he deemed it appropriate, or (c) could take no action at all in regard to Appellant's sentence. The convening authority thereafter signed a form entitled "Convening Authority Action" stating he was taking "No Action" in this case.

On appeal, the ACCA cited its own precedent of *United States v. Coffman*, which held that the President's executive

---

[2] The MJA is a division of the National Defense Authorization Act for Fiscal Year 2017 (NDAA 2017), Pub. L. No. 114-328, §§ 5001–5542, 130 Stat. 2000, 2894–2968 (2016).

[3] 10 U.S.C. § 860 (2012 & Supp. I 2013–2014).

[4] 10 U.S.C. § 860a (2018).

order implementing the MJA provides that in cases where at least one of the offenses was committed before January 1, 2019, "the version of Article 60, UCMJ, applicable to an accused's court-martial will be that version in effect on the earliest date of misconduct for which an accused was convicted." 79 M.J. 820, 822 (A. Ct. Crim. App. 2020) (citing Exec. Order No. 13,825, § 6(b), 83 Fed. Reg. 9889, 9890 (Mar. 1, 2018)). Thus, the CCA held, the provisions of the old Article 60 rather than those of the new Article 60a applied to the instant case, and the convening authority's failure to take action on the sentence as required by the old Article 60 was error. However, the CCA further concluded that the error was neither jurisdictional nor prejudicial to Appellant's substantial rights. *United States v. Brubaker-Escobar*, No. ARMY 20190618, slip op. at 1 n.* (A. Ct. Crim. App. June 9, 2020) (per curiam). The court then affirmed the adjudged findings and sentence. *Id.* at 1.

We granted review of Appellant's petition in which he argued that the convening authority erred in taking "no action" in his case, and that this error deprived the CCA of jurisdiction to hear his appeal under Article 66, UCMJ, 10 U.S.C. § 866 (2018).[5] Appellant sought a remand of his case to the convening authority for appropriate action. After oral argument, we specified an issue which asked whether the President's executive order implementing the MJA was lawful when it required convening authorities to apply the post-trial procedures for taking action on findings and sentence that were in effect on the date of an appellant's earliest offense.[6]

We hold that Exec. Order No. 13,825 was a valid exercise of the President's rulemaking authority. We therefore further hold that the convening authority erred by taking "no action"

---

[5] The granted issue was as follows: "Whether the convening authority's failure to take action on the sentence as a result of the staff judge advocate's erroneous advice deprived the Army court of jurisdiction under Article 66, UCMJ."

[6] The specified issue was as follows: "Whether Section 6(b) of Executive Order 13,825 of March 1, 2018 was a lawful exercise of the authority delegated to the President by Section 5542(c)(1) of the National Defense Authorization Act for fiscal year 2017 or by any other law."

in this case pursuant to the new Article 60a rather than by taking one of the specified actions required under the old Article 60. However, we conclude that the convening authority's determination did not constitute plain error. Accordingly, we affirm the judgment of the CCA for the reasons stated below.[7]

---

[7] On June 4, 2021, this Court issued a prior opinion in this case, holding that, "as applied to this case, the executive order was not lawful, and the convening authority properly complied with the MJA." *United States v. Brubaker-Escobar*, No. 20-0345, 2021 CAAF LEXIS 508, at *2, 2021 WL 2303088, at *1 (C.A.A.F. June 4, 2021). On June 14, 2021, the time for reconsideration of our decision expired. C.A.A.F. R. 31(a). On June 22, 2021, we issued the mandate pursuant to C.A.A.F. R. 43A. On June 30, 2021, appellate defense counsel and appellate government counsel filed untimely petitions for reconsideration, citing for the first time § 531(n)(1) of the National Defense Authorization Act of Fiscal Year 2018 (NDAA 2018), Pub. L. No. 115-91, 131 Stat. 1283, 1387 (2017). This provision of NDAA 2018 amended MJA § 5542(c)(1) so as to authorize the President to prescribe which MJA amendments apply when an offense occurred before January 1, 2019. And importantly, the President promulgated Exec. Order No. 13,825 several months after the enactment of NDAA 2018. On June 29, 2021, the Army Court issued the Certificate of Completion of Appellate Review. On that same day the parties filed a joint motion to withdraw the mandate with this Court. On July 19, 2021, we granted the joint motion to withdraw the mandate and vacated our opinion of June 4, 2021. *United States v. Brubaker-Escobar*, __ M.J. __ (C.A.A.F. 2021) (granting petition for reconsideration, recalling mandate, and vacating judgment). We also granted Appellant's and Appellee's joint motion to file petitions for reconsideration out of time. We took these steps to prevent the "grave, unforeseen" consequence of erroneously invalidating a provision of Exec. Order No. 13,825 based on the initial failure of the parties to cite MJA § 5542(c)(1). *United States v. Dearing*, 64 M.J. 364, 364 (C.A.A.F. 2006) (summary disposition) (quoting *Calderon v. Thompson*, 523 U.S. 538, 550 (1998)); *see also Legate v. Maloney*, 348 F.2d 164, 166 (1st Cir. 1965) (If a situation arose . . . which showed that our original judgment was demonstrably wrong, a motion to recall mandate might be entertained."); *United States v. Wiesen*, 57 M.J. 48, 49 (C.A.A.F. 2002) ("To be successful on a petition for reconsideration, the petition must demonstrate that the Court misconstrued or overlooked an issue of law or fact.") We note that at the time we granted the joint motion to withdraw the mandate, the parties had not filed a petition for a writ of certiorari with the Supreme Court, the time to file such a petition had not yet expired, and Appellant's discharge had not yet been executed.

## II. Standard of Review

"The courts of criminal appeals are courts of limited jurisdiction, defined entirely by statute." *United States v. Arness*, 74 M.J. 441, 442 (C.A.A.F. 2015) (citing *United States v. Politte*, 63 M.J. 24, 25 (C.A.A.F. 2006)). The scope of that jurisdiction is a legal question this Court reviews de novo. *United States v. English*, 79 M.J. 116, 121 (C.A.A.F. 2019). We review a lower court's construction of statutes and executive orders de novo. *See United States v. Idaho*, 210 F.3d 1067, 1072 (9th Cir. 2000), *aff'd*, 533 U.S. 262 (2001) (treaties, statutes, and executive orders); *United States v. Fetrow*, 76 M.J. 181, 185 (C.A.A.F. 2017) (statutes and rules).

## III. Discussion

In the Military Justice Act of 2016, Congress gave the President the authority to designate the effective date of its provisions, as well as the duty to "prescribe in regulations whether, and to what extent, the amendments made by this [act] shall apply to a case in which *a specification alleges the commission, before the effective date of such amendments, of one or more offenses* or to a case in which one or more actions under [the UCMJ] have been taken before the effective date of such amendments." MJA § 5542(c)(1), 130 Stat. at 2967, *as amended by* NDAA 2018, § 531(n)(1), 131 Stat. at 1387 (emphasis added). The President then designated January 1, 2019, as the effective date of the MJA, *except* as otherwise provided in the MJA or his executive order. Exec. Order No. 13,825 § 3(a), 83 Fed. Reg. 9889.

As one of those exceptions, the President ordered that if an accused is found guilty of committing at least one offense before January 1, 2019:

> Article 60, of the UCMJ, as in effect on the date of the earliest offense of which the accused was found guilty, shall apply to the convening authority . . . to the extent that Article 60:
>
>> (1) requires action by the convening authority on the sentence;
>>
>> . . . .

---

This opinion constitutes this Court's decision in this case.

. . . or

> (5) authorizes the convening authority to ap-
> prove, disapprove, commute, or suspend a sen-
> tence in whole or in part.

*Id.* § 6(b).

Unlike the new Article 60a,[8] the old version of Article 60, states that "[a]ction on the sentence of a court-martial *shall* be taken by the convening authority." Article 60(c)(2)(A), UCMJ (emphasis added). Therefore, in any case where an accused is found guilty of at least one specification where the offense was committed before January 1, 2019, a convening authority errs if he fails to take one of the following mandated post-trial actions in a case: approve, disapprove, commute, or suspend the sentence of the court-martial in whole or in part. Article 60(c)(2)(B), UCMJ. In the instant case, despite the fact that Appellant committed the offenses in 2018, the convening authority failed to take one of the required actions under the old Article 60. He instead took "no action." Therefore, the convening authority erred.

The effect of this error, however, depends on which version of Article 66, UCMJ, is applicable to a specific case—the old version at 10 U.S.C. § 866 (2012), or the new version at 10 U.S.C. § 866 (2018). The new version of Article 66, UCMJ, is applicable to those cases that were preferred or referred on or after January 1, 2019. Exec. Order No. 13,825 § 3, 83 Fed. Reg. 9889. In the instant case, the charges were referred after January 1, 2019. Therefore, the new version of Article 66, UCMJ, applies here.

The new version of Article 66 automatically provides the CCAs with jurisdiction when the military judge enters a judgment into the record that includes a sentence of a bad-conduct discharge. Article 66(b)(3), UCMJ. Here, the military judge sentenced Appellant to a bad-conduct discharge, and under the old Article 60(c)(4)(A), UCMJ, the convening

---

[8] Under the provisions of the new Article 60a(a)(1)(A), convening authorities are no longer required to affirmatively take action on the sentence. It states: "The convening authority . . . *may* act on the sentence of the court-martial only as provided in subsection (b), (c), or (d)." (Emphasis added.)

authority could not disturb this portion of the sentence.[9] Consequently, the convening authority's error in taking "no action" had no effect on the bad-conduct discharge sentence. Therefore, once the military judge entered into the record a judgment including a bad-conduct discharge, the Army CCA obtained jurisdiction in this case. Article 66(b)(3), UCMJ.[10] Therefore, the convening authority's erroneous failure to take action on the sentence did not deprive the CCA of jurisdiction over this case.[11]

Because the convening authority's error was not jurisdictional, it instead is procedural. Pursuant to Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2018), procedural errors are "test[ed] for material prejudice to a substantial right to determine whether relief is warranted." *United States v. Alexander,* 61 M.J. 266, 269 (C.A.A.F. 2005).

Despite the convening authority's error by taking no action, Appellant is not entitled to relief for the following rea-

---

[9] Under Rule for Courts-Martial (R.C.M.) 1109(c)(1), the convening authority could not disapprove the bad-conduct discharge because a convening authority can "[m]odify a bad-conduct discharge . . . *only as provided* in subsections (e) and (f)." (Emphasis added.) R.C.M. 1109(e)(1) permits relief where "the accused has provided substantial assistance in the criminal investigation or prosecution of another person." R.C.M. 1109(f) permits relief where the military judge recommends a sentence suspension. Neither exception is applicable in this case.

[10] As R.C.M. 1111(a)(2) details, "[t]he entry of judgment terminates the trial proceedings and initiates the appellate process."

[11] In the past, this Court has indicated that a convening authority's failure to take action is a jurisdictional error depriving the CCA of jurisdiction. *See Politte*, 63 M.J. at 25 ("[T]he Courts of Criminal Appeals may hear a case on the merits where: (1) a Judge Advocate General refers courts-martial records to the court; (2) a convening authority has approved the findings and sentence; and (3) the sentence as approved extends to death, a dismissal, a punitive discharge or confinement for one year or more.") However, the Court's opinion in *Politte* was based on the language of the prior version of Article 66(c), UCMJ. Because of the manner in which the language of Article 66, UCMJ, has changed, the convening authority's error is now procedural in nature and did not deprive the CCA of jurisdiction.

sons. First, Appellant did not seek clemency from the convening authority. Second, under the old Article 60, the convening authority lacked the power to grant clemency with respect to the punitive discharge. *See* Article 60(c)(4)(A), UCMJ. Third, although the convening authority in theory could have granted clemency with respect to the rank reduction, that relief would have been meaningless because Appellant's punitive discharge would have resulted in an automatic reduction to E-1. *See* Article 58a, UCMJ (2016); Dep't of the Army, Reg. 600-8-19, Personnel-General, Enlisted Promotions and Reductions para. 10-3 (April 25, 2017). Thus, the convening authority's error was harmless.[12]

## IV. Judgment

The judgment of the United States Army Court of Criminal Appeals is affirmed.

---

[12] Two judges would hold that Appellant is entitled to no relief because he forfeited this issue by failing to raise it in a timely manner under R.C.M. 1104(b)(2)(B), and because he is unable to demonstrate on appeal that the convening authority's error was clear or obvious. However, these two judges decline to write separately because neither party asked for reconsideration of this issue.